### In re CHARLES HENRY HALL.

No. A-10468.   Dec. 8, 1943.

(143 P. 2d 833.)

Charles Henry Hall, in pro. per.

Randell S. Cobb, Atty. Gen., for respondent.

JONES, P. J. This is an original proceeding in habeas corpus in which the petitioner, Charles Henry Hall, seeks to secure his release from confinement in the State Penitentiary. A demurrer to the verified petition has been filed by the Attorney General.

The petition recites that the petitioner pleaded guilty to a crime in Blaine county on July 15, 1940, and was sentenced to serve ten years in the State Penitentiary, but the execution of said sentence was suspended under the terms and conditions of the suspended sentence statute. 22 O. S. 1941 § 991 et seq. That on March 17, 1942, the petitioner was arrested in Wichita, Kan., brought back to the State of Oklahoma, and was committed to the State Penitentiary to serve the ten-year sentence theretofore assessed against him.

The petitioner does not allege the nature of the crime which he committed and for which he was sentenced, nor does he state whether he had violated the conditions of his suspended sentence.

This court held in Ex parte Boyd, 73 Okla. Cr. 441, 122 P. 2d 162, 163, as follows:

"When execution of a sentence is suspended, the judgment itself is not impaired or limited. The time for its execution is merely deferred, as a matter of grace, subject to being withdrawn by the court for a violation of some of the conditions named in statute.

"The revocation of a suspended sentence is a matter addressed to the sound judicial discretion of trial judge, and the hearing in connection therewith may be of a summary character."

It is apparent from the allegations of the petition that the district court of Blaine county revoked the suspended sentence and ordered the petitioner committed directly to the penitentiary. Petitioner may not have been present in the district court at the time the order of commitment was issued. His presence was not essential to the validity of the order of revocation as he may have committed a crime in another state and could not be brought before the court at the time the order of revocation is made. It

is the best practice, where the presence of the petitioner may be secured, to require him to be present to see whether he has any response to make to the contention that he has violated the terms of the suspended sentence. Ex parte Boyd, supra.

In the absence of any allegation in the petition that the court acted in an arbitrary manner and without sufficient cause in revoking the suspended sentence, it is our judgment that the petition wholly fails to state any grounds for relief.

The demurrer of the Attorney General is sustained and the petition for writ of habeas corpus is denied.

BAREFOOT, J., concurs. DOYLE, J., not participating.