Robert MESMER, No. 62596, Petitioner,

v.

Robert R. RAINES, Warden, Oklahoma
State Penitentiary, Respondent.

No. A–12858.

Court of Criminal Appeals of Oklahoma.
April 27, 1960.

Robert Mesmer, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

POWELL, Presiding Judge.

The petitioner has filed herein his original petition, alleging that he is unlawfully confined in the State Penitentiary at McAlester.

Petitioner alleges that in March, 1951 he was incarcerated in the New Mexico State Penitentiary, and that the sheriff of Tulsa County placed a hold order on him, the basis being a charge of armed robbery pending against him in Tulsa County. That on or about March 10, 1951 the petitioner was released from custody in New Mexico into the custody of an officer from Tulsa County, Oklahoma, and was returned to that county to answer the charges stated. Thereafter, and on December 21, 1951, in case No. 14949 the petitioner entered a plea of guilty to the charge of armed robbery, and the court sentenced him to 15 years in the State Penitentiary at McAlester. The penalty for armed robbery might have been death. 21 O.S.1951 § 801.

The sentence was by the court suspended during good behavior of the petitioner.

The record before this Court shows that on June 26, 1959 for good reason shown, the order suspending the sentence was revoked and set aside, and petitioner was delivered to the Warden on August 19, 1959, and is now serving the 15-year sentence. And the State shows that the minimum time for release of prisoner, based on conduct and work credits, is presently fixed at November 23, 1966, and the maximum date for release is August 8, 1974.

The petitioner admits in his petition that the revocation of his suspended sentence by the district court of Tulsa County was by reason of the fact that on or about September 20, 1954 he was sentenced in California to the state prison for the crime of forgery, and that upon his release from the San Quentin prison on August 13, 1959 he was delivered to Oklahoma authorities, and on August 19, 1959 was transported to the Oklahoma State Penitentiary at McAlester.

Petitioner now asserts that he should be released for the reason that the district court of Tulsa County had no authority to suspend his sentence when he entered his plea of guilty to armed robbery on December 21, 1951. He cites in support of his contention the Oklahoma statute, 22 O.S. 1951 § 991, which reads:

"Whenever any person shall be convicted in any court of record for any crime other than murder, manslaughter or arson, the Judge trying said cause may, after sentence, suspend said judgment and sentence, and allow said person so convicted to be released upon his own recognizance. Said Judge may also suspend the judgment and sentence of a youth, twenty (20) years of age or under, who has been convicted in any court of record of the crime of arson. Provided, that no such person shall be so released, who has not, prior thereto, borne a good reputation or who may have been prior thereto convicted of a

felony in any state or territory of the United States."

 There is no evidence that the trial court had knowledge of the prior New Mexico conviction of the petitioner, and petitioner does not assert that he so advised the court at the time of suspension of sentence. But the matter of suspension or non-suspension of the sentence has nothing to do with the validity of the judgment. Any time the court might have discovered the error or hoax practiced on him, if such was the case, the suspended sentence could have been revoked, or if he overlooked the law or the facts in suspending the sentence the suspension could have been revoked. The error that was made was in favor of the defendant, and he cannot take advantage of an error in his favor.

 In the body of the opinion in Allen v. Burford, 90 Okl.Cr. 302, 214 P.2d 455, 457, this Court said:

"As a matter of fact, however, it is not important whether the authorities knew of the former convictions or not, so far as the petitioner herein is concerned, as the suspension of a sentence does not affect the judgment rendered. It is not impaired or limited, but rather, the time for its execution is merely deferred as a matter of grace, and the suspension is subject to withdrawal by the court for a violation of some of the conditions named in the statute dealing with suspension of sentence. Stone v. State, 86 Okl.Cr. 1, 188 P.2d 875; Hall v. State, 78 Okl. Cr. 83, 149 P.2d 268."

 The court, where a plea of guilty is entered, usually calls upon the county attorney for a recommendation as to sentence, but the Court is not required to follow the recommendation, and while a county attorney may advise a prisoner of the recommendation he may make, the court may not properly bargain with a prisoner to induce him to enter a plea of guilty and we must assume in this case that he did nothing to mislead the petitioner.

Writ is denied.