**Robert MESMER, Appellant,**

v.

**Robert R. RAINES, Warden of Oklahoma State Penitentiary, Appellee.**

No. 6738.

United States Court of Appeals
Tenth Circuit.

Dec. 26, 1961.

Harmon S. Graves, III, Denver, Colo., for appellant.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., on the brief, for appellee.

Before MURRAH, Chief Judge, and LEWIS and BREITENSTEIN, Circuit Judges.

MURRAH, Chief Judge.

Appellant was convicted upon his plea of guilty in an Oklahoma state court and sentenced to fifteen years for robbery. The sentence was suspended and probation granted. No appeal was taken and the judgment became final. Appellant was thereafter convicted and sentenced for an offense committed in the State of California and, upon his release, the Oklahoma authorities revoked his probation and returned him to Oklahoma for the service of the fifteen year sentence. Habeas corpus proceedings were then instituted in the Oklahoma Court of Criminal Appeals and denied. Mesmer v. Raines, Okl.Cr., 351 P.2d 1018. Appellant filed this habeas corpus proceeding in the United States District Court for the Eastern District of Oklahoma alleging, as he had in the state court, that by reason of a prior conviction in the State of New Mexico he had been ineligible, under Oklahoma law,[1] to receive the suspended sentence and that its imposition was therefore void. This appeal is from the federal court's judgment denying the application.

We agree with the District Court's conclusion that the question concerning the suspended sentence is one of state law and that the opinion of the Oklahoma Court of Criminal Appeals adequately disposes of the matter. See Mesmer v. Raines, supra. It is also to be noted that appellant, having failed to apply for certiorari to the Supreme Court of the United States from the judgment of the state court, did not exhaust his state remedies. And under such circumstances, an application for habeas corpus will not ordinarily be entertained in the federal court. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

Appellant here raises another point, not decided in either the state court or the federal court, to the effect that his plea was involuntary and that he was consequently denied due process of law. But since there is nothing in the record to indicate that the remedy sought is unavailable in the state courts, neither the District Court, nor this Court, should entertain the issue. See 28 U.S.C.A. § 2254, and Hurt v. McLeod (10 Cir.), 262 F.2d 109.

The judgment is affirmed.

---

1. 22 O.S.A. (1951) Sec. 991 provides, in substance, that an accused who has previously been convicted of a felony in any state or territory of the United States shall not receive a suspended sentence.