## STATE OF CONNECTICUT *v.* MAURICE MARTINIK
## (2000)

TESTO, DUPONT and BORDEN, Js.

Argued October 4—decision released December 6, 1983

*Kenneth Rosenthal* and *David Metzger,* law student intern, for the appellant (defendant).

*Jeffrey L. Kline,* assistant state's attorney, with whom, on the brief, was *John Malone,* assistant state's attorney, for the appellee (state).

DUPONT, J. After pleading guilty to five counts of larceny in the third degree, the defendant was sentenced to concurrent suspended six month terms and placed on probation for two years, conditional upon the making of restitution payments. A warrant for the arrest of the defendant for violation of probation was issued and a hearing held thereon. The trial court concluded that probation was violated and sentenced the defendant to incarceration. The defendant appealed from that judgment.[1]

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

The state claims that the arrest warrant specified two grounds for violation of probation: failure to make restitution in accordance with the schedule of payments and failure of the defendant to keep appointments with his probation officer. The warrant was not part of the record on appeal. Whether the warrant was two-pronged is irrelevant, however, since the trial court's memorandum of decision makes it clear that probation was revoked "[b]ecause of the defendant's complete lack of cooperation with his probation officer in making the restitution payments . . . ." At the time of the hearing, the defendant, who had been ordered to pay $2260, was $540 in arrears, with nine months of his probation left.

The trial judge committed the defendant "until restitution of $630 or 6 months whichever occurs sooner." The court later revised the arrearage to $540. The state concedes that the conditional part of the sentence was illegal. See General Statutes § 53a-32 (b).

The defendant appeals from the judgment revoking his probation and ordering his incarceration, claiming that imposition of the full sentence constituted an abuse of discretion and a violation of the equal protection clause of the fourteenth amendment to the United States constitution.

The case of *Bearden* v. *Georgia,* 461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983), is dispositive. The state conceded on oral argument that if the trial judge based revocation of probation on the failure to make restitution, then *Bearden* would control.

The fourteenth amendment to the United States constitution requires that a sentencing court must inquire into the reasons for the failure to pay restitution in a revocation proceeding. "If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court

may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay." Id., 672.

No appropriate finding was made in this case nor were alternate punishments reviewed.

There is error, the judgment is set aside and the case remanded for further proceedings.

In this opinion the other judges concurred.