Marye SPARKS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. O–86–372.

Court of Criminal Appeals of Oklahoma.

Nov. 13, 1987.

David Autry, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

On February 8, 1984, the appellant, entered a guilty plea to two counts of Embezzlement in Pottawatomie County District Court Case No. CRF–83–371 and received a suspended sentence of two (2) years' imprisonment on each count, the sentences to run concurrently. As one of the conditions of her suspended sentences, she was ordered to make scheduled restitution payments and pay court costs. Because the appellant had not made her scheduled restitution and court cost payments, and because the appellant had entered a guilty plea to a Bogus Check charge in another county one month after receiving her suspended sentences in CRF–83–371, the District Attorney filed his motion to revoke those suspended sentences on June 5, 1985. A final hearing was held on November 27, 1985, at which time the court granted the State's motion. The appellant appeals that order, raising four assignments of error.

Two witnesses testified at the appellant's revocation hearing. The first witness was the District supervisor in charge of the appellant's probation officer. He testified that he had never met with the appellant personally; that one of his staff members had been assigned to the appellant's case; that the official records showed that only one restitution payment had been made; and that the appellant was in arrears in excess of one thousand dollars.

The appellant was then called by the State to testify. She first told the Court that her Lincoln County sentence arose from acts which were committed before she entered her plea in CRF–83–371. She then stated that she had only recently been able to obtain full-time employment and that she had kept her probation officer informed about her financial problems. She also testified that, because of her employment, it was her belief that she could pay the full restitution amount within six months.

A trial court is vested with great discretion in revocation proceedings. *See e.g.* *Crowels v. State,* 675 P.2d 451 (Okl.Cr. 1984); *Cooper v. State,* 599 P.2d 419 (Okl. Cr.1979). After the factual determination that a violation of the rules and conditions of probation or parole has been made, the court makes the discretionary determination of whether the violation warrants revocation. *See Black v. Romano,* 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985); *Gagnon v. Scarpelli,* 411 U.S. 778, 784, 93 S.Ct. 1756, 1760, 36 L.Ed.2d 656 (1973). Our review is necessarily limited to examining the basis for the factual determination and considering whether the court abused its discretion in revoking the appellant's suspended sentence. *Mack v. State,* 637 P.2d 1262 (Okl.Cr.1981); *Crowels,* supra., at 453.

Here, there is no question that the appellant violated the condition of her probation that she make timely restitution payments. Therefore, the only true issue on appeal is whether, on the facts presented, it was an abuse of discretion to revoke her suspended sentence.

In *Houston v. State,* 591 P.2d 310 (Okl. Cr.1979), this Court refused to reverse a trial court's order revoking a suspended sentence entered after the appellant had failed to make restitution payments. There, we were not persuaded by the defendant's argument, that revocation violated his equal protection guarantees by virtue of his indigency. Instead, in that case, there was evidence presented which tended to show that Houston had no serious intention of seeking gainful employment and complying with the restitution order. None of the circumstances supporting the inference of a willful failure to pay restitution that were apparent in *Houston,* are present in this case.

Because there is uncontradicted testimony that this appellant was making good faith efforts to comply with this condition, and there is additional uncontradicted testimony that her probation officer was kept informed regarding her efforts to comply, we cannot conclude that the violation of this condition justifies revocation at this

time. There are a wide range of sanctions available to the trial court other than total revocation and imposition of a full two-year term of imprisonment. *See e.g., Crowels v. State, supra.; Caudill v. State,* 637 P.2d 1264 (Okl.Cr.1981); *Wallace v. State,* 562 P.2d 1175 (Okl.Cr.1977). We believe the more just result in this case would have been to allow her to make timely restitution.

Accordingly, the order revoking the appellant's suspended sentence and imposing a two year period of incarceration is REVERSED. The cause is REMANDED to the District Court of Pottawatomie County for proceedings not inconsistent with the views expressed herein.

BRETT, P.J., and PARKS, J., concur.