(16 P.3d 333)

No. 84,465

STATE OF KANSAS, *Appellee,* v. JILL M. STREET, *Appellant.*

Opinion filed December 15, 2000.

*Peter Maharry,* assistant appellate defender, and *Jessica Kunen,* chief appellate defender, for appellant.

*Kristie A. Coup,* assistant county attorney, *Matt Treaster,* county attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before GREEN, P.J., PIERRON, J., and RAWLEY JUDD DENT II, District Judge, assigned.

GREEN, J.: Jill M. Street appeals from the revocation of her probation. On appeal, Street argues that the trial court abused its discretion in revoking her probation because (1) the trial court failed to make the proper findings regarding her failure to pay ordered costs and fees and (2) mitigating factors outweighed the probation violations. We affirm.

In 1994, Street pled no contest to trafficking contraband into a correctional institution. The trial court sentenced her to probation for 3 years, with an underlying sentence of 14 months' incarceration. Street's probation included the terms and conditions that she report to the court services officer as directed and pay certain costs and fees, among other requirements.

Street later committed numerous probation violations. As a result of the violations, five motions for revocation of Street's probation were filed. The trial court resolved the first four motions by revoking Street's probation, ordering her to serve 30 days in jail or to complete a community corrections program, and reinstating her probation. However, after the fifth motion, the trial court permanently revoked Street's probation. The trial court found that Street violated the terms of her probation by failing to report to the court services officer and failing to pay ordered costs and fees. Street did not contest the allegations contained in the fifth motion for revocation of probation. Street was ordered to serve the underlying sentence of 14 months.

On appeal, Street argues that the trial court abused its discretion in revoking her probation. A probationer may not have his or her probation revoked unless it is made to appear that he or she has failed to comply with the terms and conditions of probation. *Swope v. Musser*, 223 Kan. 133, 137, 573 P.2d 587 (1977). Once there has been evidence of a violation of the conditions on which probation was granted, revocation is in the sound discretion of the trial court. *State v. Walker*, 260 Kan. 803, 808, 926 P.2d 218 (1996). Judicial discretion is abused only when no reasonable person would take the view adopted by the trial court. *State v. Williams*, 268 Kan. 1, 8, 988 P.2d 722 (1999).

Street first contends that the trial court abused its discretion because it failed to make the proper findings regarding her failure

to pay the ordered costs and fees. Street insists that to revoke her probation for failure to pay costs and fees, the trial court was required to find that it was a conscious refusal on her part not to pay. According to Street, because the trial court failed to make such a finding, it improperly revoked her probation on that basis.

To support her argument, Street cites *Bearden v. Georgia,* 461 U.S. 660, 672, 76 L. Ed. 2d 221, 103 S. Ct. 2064 (1983). *Bearden* held that

"in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment."

The record shows that the trial court failed to make a sufficient inquiry into the reasons for Street's failure to pay the costs and fees. The trial court did not determine whether the failure to pay was willful or the extent of her efforts to obtain the resources to pay. If Street's failure to pay were the only grounds for revoking her probation, we would remand this case in compliance with *Bearden.*

However, the trial court found that Street violated her probation by not only failing to pay costs and fees, but also because she failed to attend appointments with the court services officer. When a probationer is charged with multiple probation violations, a finding on appeal that some of the alleged violations are invalid does not necessarily invalidate the revocation proceeding. When one or more, but not all, of the findings of probation violations are set aside on appeal, the order of revocation and the sentence should be set aside and the case remanded to the trial court for a new disposition hearing, unless the record clearly shows the trial court would have made the same disposition even without consideration of the violations set aside on appeal. See *State v. Ojeda,* 159 Ariz. 560, 561, 769 P.2d 1006 (1989).

Here, Street admitted that she missed 11 appointments with the court services officer. As a result, although the trial court erred in not making the constitutionally required inquiry into the reasons for Street's failure to pay, the error was harmless provided the trial court did not abuse its discretion in revoking Street's probation for the other violations.

Street contends that the trial court abused its discretion in revoking her probation for failure to attend appointments with the court services officer because the violations are outweighed by mitigating factors. Specifically, Street argues that she missed the appointments because she was caring for her father, her son, and a friend who were ill.

Street argued to the trial court that she was unable to keep an appointment on November 18, 1998, due to the death of her father 9 days earlier, and an appointment on January 13, 1999, because she was caring for her son who had appendicitis on December 25, 1998. However, Street fails to account for missing the additional nine appointments, other than to suggest she was caring for an ill friend. Because Street failed to provide sufficient mitigating factors explaining her failure to attend nine scheduled appointments, we cannot say that mitigating factors outweighed the violations of that condition of probation.

The record clearly shows that the trial court would have revoked Street's probation even without consideration of her failure to pay costs and fees. As a result, the trial court did not abuse its discretion in revoking Street's probation.

Affirmed.