WINBUSH v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:WINBUSH v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 WINBUSH v. STATE
2018 OK CR 38
Case Number: RE-2016-995
Decided: 11/29/2018
PHILLIP ERIC WINBUSH, III, Appellant v. STATE OF OKLAHOMA, Appellee.

Cite as: 2018 OK CR 38, __ __

 

OPINION
HUDSON, JUDGE:
¶1 Appellant, Phillip Eric Winbush, III, appeals from the revocation of his five (5) year suspended sentence in Case No. CF-2012-478 in the District Court of Comanche County, by the Honorable Mark R. Smith, District Judge. On April 16, 2013, Appellant entered a plea of guilty to Count 1: Unlawful Possession of Controlled Drug With Intent to Distribute, felony; Count 2: Attempting to Elude Police Officer, misdemeanor; and Count 3: Driving With License Cancelled / Suspended / Revoked, misdemeanor. He was sentenced to a term of eight (8) years with all but the first three (3) years suspended, plus fines, costs and fees of $3,336.00 on Count 1; to a term of one (1) year, plus fines, costs and fees of $726.00 on Count 2; and to a term of one (1) year, plus fines, costs and fees of $736.50 on Count 3, with all sentences ordered to run concurrently.
¶2 On May 18, 2014, Appellant signed a Notice of Court Hearing for Payment of Fines and Costs and agreed to appear within ten days of his release to determine his ability to pay fines and costs.
[1] On July 24, 2014, Appellant appeared and agreed to a scheduled payment of $150.00 on or before August 30, 2014, and every month thereafter until paid in full. On May 22, 2015, the State filed a motion to revoke Appellant's suspended sentence alleging he violated probation by (1) failing to pay all fines, costs, assessments, restitution and supervision fees; and (2) by committing the new crimes of Count 1: Possession of Controlled Dangerous Substance, Methamphetamine, felony; and Count 2: Domestic Assault and Battery, misdemeanor. On May 28, 2015, Appellant waived his right to a revocation hearing within twenty days. On October 1, 2015, Appellant appeared and the revocation hearing was continued until November 12, 2015. Appellant agreed to a scheduled payment of $100.00 on or before November 9, 2015, and every month thereafter until paid in full. On November 13, 2015, Judge Smith entered a Minute Order noting Appellant failed to appear on November 12, 2015; Appellant's bond was revoked and reset and a bench warrant was issued. On December 2, 2015, Appellant appeared and the revocation hearing was continued several times.
¶3 On September 20, 2016, the revocation hearing was conducted before Judge Smith. The State first called Kelly Blasengame ("Blasengame"). Blasengame worked in the Comanche County District Court Clerk's office and was responsible for tracking people who had been ordered to pay fines and costs. Blasengame testified Appellant had not paid any money towards his fines and costs. Blasengame testified a first payment schedule had been set up for Appellant and he made no scheduled payments on fines and costs. Blasengame testified a second payment schedule was set up for Appellant and he again made no payments on fines, costs or assessments. The State then called John Crouse ("Crouse") with the Comanche County District Attorney's Office. Crouse testified he was responsible for tracking individuals ordered to pay DA supervision fees. Crouse testified Appellant had come in to set up a payment schedule, but had never paid any money toward his fees. On cross-examination, Crouse testified that Appellant had never contacted him concerning any difficulty Appellant was having in making his payments. The State's final witness was Keli Ireland ("Ireland") with the Comanche County District Attorney's Office. Ireland testified Appellant kind of had an attitude when he filled out his intake form, so she let Crouse handle the case. After Ireland's testimony, the State rested.
¶4 Appellant demurred to the evidence, which was denied by Judge Smith. Appellant did not present any testimony or evidence at the revocation hearing. Judge Smith found by a preponderance of the evidence that Appellant had violated probation by failing to make required payments. Judge Smith ordered a pre-sentence investigation report and continued the sentencing hearing. On October 20, 2016, Judge Smith heard arguments and revoked Appellant's five (5) years suspended sentence in full. Appellant now appeals.
¶5 In his first proposition, Appellant contends that Judge Smith's order revoking his suspended sentence was an abuse of discretion "because the law, as applied to the facts, failed to prove the alleged violations were willful." Appellant's brief at 3. Appellant argues that there was no evidence presented in this case that he willfully did not pay fines and costs, and therefore this Court should reverse Judge Smith's order revoking his suspended sentence. Appellant also argues that it is fundamentally unfair to revoke probation automatically without considering whether adequate alternative methods for punishing the defendant are available. The dissent in this appeal contends that because Judge Smith "did not inquire of Appellant the reasons for not paying the assessments" the revocation of Appellant's suspended sentence was an abuse of discretion.
¶6 These arguments resurrect the issue of where the burden of proof should be placed when a probationer has failed to make required payments. Specifically, which party bears the burden of demonstrating whether such violation was willful or not. Appellant and the dissent both rely heavily on specific language within Bearden v. Georgia, 461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983) to support their contentions that the burden is on the sentencing court to inquire into and establish whether the probationer's failure to pay was not willful, or whether the probationer has made sufficient bona fide efforts to pay.
¶7 Bearden is not a beacon of clarity as is evidenced by the struggle numerous courts exhibited in their early attempts to decipher the decision. This Court's own decisions issued within a relatively short time after Bearden reflect those struggles.
[2] However, this Court and numerous other courts ultimately put Bearden to bed and established the standard still in effect--i.e., once the State proves that the probationer has failed to make restitution payments, the burden shifts to the probationer to prove that his failure to pay was not willful or that he has made sufficient bona fide efforts to pay. McCaskey v. State, 1989 OK CR 63, ¶ 4, 781 P.2d 836, 837. If the probationer presents evidence to show non-payment was not willful, the hearing court must consider such evidence and make a finding of fact regarding the probationer's ability to pay. Id.; see also e.g. Tilden v. State, 2013 OK CR 10, ¶ 7, 306 P.3d 554, 557; Reese v. Arkansas, 759 S.W.2d 576, 577 (Ark Ct. App.1988); Illinois v. Walsh, 652 N.E.2d 1102, 1106 (Ill. Ct. App 1995); Turner v. Maryland, 516 A.2d 579, 583 (Md. Ct. App. 1986); New Hampshire v. Fowlie, 636 A.2d 1037, 1039 (N.H. 1994); New Mexico v. Parsons, 717 P.2d 99, 104 (N.M. Ct. App. 1986); North Dakota v. Jacobsen, 746 N.W.2d 405, 408 (N.D. 2008); Ohio v. Hamann, 630 N.E.2d 384, 395 (Ohio Ct. App. 1993); Miller v. Penn. Bd. Of Prob. & Parole, 784 A.2d 246, 248 (Pa. Cmmw. Ct. 2001); Rhode Island v. LaRoche, 883 A.2d 1151, 1155 (R.I. 1994); Wike v. Texas, 725 S.W.2d 465, 468 (Tex. Ct. App. 1987); Washington v. Bower, 823 P.2d 1171, 1174-75 (Wash. Ct. App. 1992); Ramsdell v. Wyoming, 149 P.3d 459, 464 (Wyo. 2006).
¶8 Despite the nearly thirty (30) year precedent of McCaskey, Appellant and the dissent argue that McCaskey, Tilden and the other above cited authority misinterprets and misapplies Bearden. Their argument is unfounded. A careful and correct reading of Bearden gives proper perspective to the case and controversy actually addressed and the holdings actually made therein. We take this opportunity to weed the garden of revocation law concerning the willfulness of probation violations, and the burdens of proof and persuasion, particularly regarding a probationer's indigence and the failure to make required probation payments.
¶9 In Bearden, the State of Georgia filed a petition to revoke Bearden's probation because he had not paid the $550 balance of fines and restitution as ordered. Bearden was notified of the petition and was given the opportunity to be heard at a hearing on the petition. Bearden and his wife both testified about their lack of income and assets and of his repeated efforts to obtain work. Without considering the testimony of Bearden and his wife, the Georgia court automatically revoked Bearden's probation strictly based on Bearden's failure to pay as ordered the balance owed. On appeal, the United States Supreme Court held that fundamental fairness prohibited Georgia from sentencing Bearden to imprisonment simply because he failed to pay, without considering the reasons Bearden provided for his inability to pay, and determining that he had not made sufficient bona fide efforts to pay. Bearden, 461 U.S. at 673, 674, 103 S. Ct. at 2073, 2074. The Supreme Court accordingly reversed the revocation of Bearden's probation and remanded for a new sentencing hearing. Id., 461 U.S. at 662, 673-74, 103 S. Ct. at 2067, 2073-74. The decision in Bearden was therefore based upon the sentencing court's failure/refusal to consider evidence presented--not upon the State's failure to prove the alleged violations were willful, as Appellant argues in this matter.
¶10 The following sentence in Bearden continues to be taken out of context and misconstrued: "We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay." Bearden, 461 U.S. at 672, 103 S. Ct. at 2073. Too often we see defendants on appeal erroneously read this sentence as placing the burden of proof or persuasion on the sentencing court to inquire and determine the reasons for the probationer's failure to pay. However, the sentence must be read in the context of the entire opinion. At his revocation hearing, Bearden presented evidence that he had made bona fide efforts to pay the $550 balance of his fines and restitution. Therefore, the Court had no reason to require the sentencing court to further inquire into the reasons for Bearden's failure to pay. Again, the Supreme Court reversed Bearden's probation because the sentencing court had not considered Bearden's reasons for his inability to pay, and from this evidence determined whether Bearden made sufficient bona fide efforts to pay. Bearden, 461 U.S. at 673, 674, 103 S. Ct. at 2073, 2074. Thus, read in the proper context of the entire opinion, the troubling statement provides that a sentencing court must consider the explanatory reasons offered by a defendant for their failure to pay. Id., 461 U.S. at 672, 103 S. Ct. at 2073.
¶11 Moreover, the Bearden decision had little to do with the question of which party had the burden to prove whether Bearden's failure to pay was willful,
[3] or whether he had made sufficient bona fide efforts to pay. Bearden took advantage of the notice and opportunity to be heard that he was given and presented evidence, in the form of his and his wife's testimony, about their lack of income and assets and of his repeated efforts to obtain work. Bearden, 461 U.S. at 662-63, 673, 103 S. Ct. at 2067, 2073. When the Bearden Court does touch on the subject, it places the burden on the probationer to "demonstrate" sufficient bona fide efforts to make required payments. Bearden, 461 U.S. at 660-61 (syllabus b), 670, 671, 673 (fn.12), 103 S. Ct. at 2066 (syllabus b), 2071-72, 2072, 2073 (fn.12). The Bearden decision thus cannot be read as placing the burden of proof on the sentencing court. Indeed, as this Court recognized in Tollett v. State, 2016 OK CR 15, 387 P.3d 915, it is not "inequitable, oppressive, or substantially prejudicial" to place the burden of proof on the defendant when the State cannot viably bear the burden because, if such facts exist, they are "peculiarly within [the defendant's] knowledge, and could be easily susceptible of proof by him." Id. 2016 OK CR 15, ¶ 8, 387 P.3d at 917 (quoting Coleman v. Territory, 1897 OK 15, ¶¶ 38-39, 5 Okla. 201, 47 P. 1079, 1083).[4] 
¶12 This Court has long held that a suspended sentence is a matter of grace and revocation of a suspended sentence is within the sound discretion of the trial court. See e.g. Demry v. State, 1999 OK CR 31, ¶ 12, 986 P.2d 1145, 1147; Mesmer v. Raines, 1960 OK CR 38, ¶ 7, 351 P.2d 1018, 1020; Allen v. Burford, 1950 OK CR 7, 214 P.2d 455, 457, 90 Okl. Cr. 302, 305; In re Hall, 1943 OK CR 128, 143 P.2d 833, 833-84, 78 Okl.Cr. 83, 84. Before a defendant is given probation, he or she acknowledges the terms and conditions of probation and agrees that he or she can and will abide by those terms and conditions. Thereafter, if a violation is alleged by the State, a probationer is given notice and has an opportunity to present evidence that a probation violation should be excused, which can be considered along with other evidence at the revocation hearing. Any proven violation of probation negates the original determination that probation is appropriate. To prove a "failure to pay" violation, as is clearly set forth in McCaskey, the State bears the initial burden to prove that the probationer has failed to make restitution payments. McCaskey, 1989 OK CR 63, ¶ 4, 781 P.2d at 837. Thereafter, the burden shifts to the probationer to prove that his failure to pay was not willful or that he has made sufficient bona fide efforts to pay. Id. And, in accord with Bearden, if the probationer presents evidence to show non-payment was not willful, the hearing court must consider such evidence and make a finding of fact regarding the probationer's ability to pay. Id.

¶13 In this case, Appellant did not present any testimony or evidence at the revocation hearing. He thus made no showing that his failure to pay all fines, costs, assessments, restitution and supervision fees was not willful; or that he made some good faith efforts to make payments. McCaskey, 1989 OK CR 63, ¶ 4, 781 P.2d at 837; Tilden, 2013 OK CR 10, ¶ 7, 306 P.3d at 557. In fact, the record shows that Appellant and his counsel were parties to the proceedings when installment payment schedules were twice established for Appellant. See Section VIII, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2018). Appellant never made any payments even after the schedules were made. Appellant has not established that Judge Smith erred or abused his discretion by revoking Appellant's suspended sentence. Proposition I is denied.
¶14 In his second proposition, Appellant correctly notes that the District Court did not impose post-imprisonment supervision either when Appellant was found to have violated terms and conditions of his suspended sentence on September 20, 2016, or when his five year suspended sentence was revoked in full on October 20, 2016. Appellant complains because the Judgment and Sentence After Revocation Proceedings includes a provision that he is to be under post-imprisonment supervision for one year after his release from custody, which will be supervised by a probation officer at $40.00 a month.
¶15 The State notes that the post-imprisonment supervision provision in the Judgment and Sentence After Revocation Proceedings is a scrivener's error. This Court has noted that a request to correct a scrivener's error should first be presented to the District Court by motion for order nunc pro tunc. Grimes v. State, 2011 OK CR 16, ¶ 21, 251 P.3d 749, 755. Appellant has not made such a request to the District Court; therefore his second proposition should be denied.
DECISION
¶16 The order of the District Court of Comanche County revoking Appellant's five year suspended sentence in Case No. CF-2012-478 is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2018), the MANDATE is ORDERED issued upon the filing of this decision.
AN APPEAL FROM THE DISTRICT COURT OF COMANCHE
COUNTY, THE HONORABLE MARK R. SMITH, DISTRICT JUDGE




DISTRICT COURT APPEARANCES

APPEARANCES ON APPEAL


TERESSA H. WILLIAMS
ATTORNEY AT LAW
P. O. BOX 2095
LAWTON, OK 73502
COUNSEL FOR APPELLANT 

JEREMY STILLWELL
OIDS GENERAL APPEALS
P. O. BOX 926
NORMAN, OK 73070
COUNSEL FOR APPELLANT 


KYLE A. CABELKA ASST DISTRICT ATTORNEY
COMANCHE CO. COURTHOUSE
315 SW 5TH ST., ROOM 502
LAWTON, OK 73501
COUNSEL FOR THE STATE 

MIKE HUNTER
OKLA ATTORNEY GENERAL
SHERI M. JOHNSON
ASST ATTORNEY GENERAL
313 N.E. 21ST STREET
OKLAHOMA CITY, OK 73105
COUNSEL FOR THE STATE
OPINION BY: HUDSON, J.
LUMPKIN, P.J.: CONCUR LEWIS, V.P.J.: CONCUR IN RESULT
KUEHN, J.: DISSENT
ROWLAND, J.: CONCUR 
FOOTNOTES
[1] The DOC website shows Appellant was released from his three year term of incarceration on July 18, 2014.
[2] This Court first found that the State failed to meet its burden, as defined by Bearden, to prove that the defendant was responsible for the failure make restitution payments as ordered. Stuard v. State, 1984 OK CR 67, 681 P.2d 1120. This Court then found that the defendant had met the burden of proving good faith efforts to pay restitution and court costs. Sparks v. State, 1987 OK CR 247, 745 P.2d 751. Next, this Court found that the State is not required to prove that the defendant deliberately failed to pay restitution. Patterson v. State, 1987 OK CR 255, 745 P.2d 1198.
[3] The Supreme Court notes that if there is proof the probationer has willfully refused to pay the fine or restitution when he has the means to pay, the State is perfectly justified in using imprisonment as a sanction to enforce collection. Bearden, 461 U.S. at 660 (syllabus a), 668, 668, 672, 103 S. Ct. at 2066 (syllabus a), 2070, 2070, 2073.
[4] Counsel for Appellant also cites a statement made by the United States Supreme Court in Minnesota v. Murphy that the sentencing "court must find that [the probationer] violated a specific condition, that the violation was intentional or inexcusable, and that the need for confinement outweighs the policies favoring probation." Murphy, 465 U.S. 420, 438, 104 S. Ct. 1136, 1148, 79 L. Ed. 2d 409 (1984). That passage in Murphy is merely stating what the statutory and case law of Minnesota requires in a revocation proceeding. Id. Minnesota's statutory and case law is not applicable to revocation proceedings in Oklahoma. Other states also have statutory and/or case law, not found in Oklahoma, that provide a violation must be inexcusable or willful before probation can be revoked. See Del Valle v. Florida, 80 So.3d 999, 1011 (Fla. 2011) (Florida law requires a specific finding of willfulness in a revocation proceeding).




LEWIS, VICE PRESIDING JUDGE, CONCURRING IN RESULTS:
¶1 I would simply affirm based on this Court's holding in McCaskey v. State, 1989 OK CR 63, 781 P.2d 836, and its reading of Bearden v. Georgia, 461 U.S. 660, 103. S.Ct. 2064, 76 L.Ed.2d 221 (1983). I conclude that the trial court in this case properly applied McCaskey and its correct interpretation of the Bearden standard. All else is tilting at windmills. There were no constitutional violations in this case.[1] 

FOOTNOTES

[1] I note that Appellant committed numerous violations of the rules and conditions of his suspended sentence, including committing new felony crimes, yet the State, inexplicably, did not allege these violations in the revocation proceedings.




KUEHN, JUDGE, DISSENTING:
¶1 Revoking Appellant's suspended sentence in full for failure to pay fines, costs, assessments and supervision fees was an abuse of discretion, as the trial court did not make inquiry and did not make a finding on the Appellant's inability to pay, the propriety of reducing the fine or extending the time for payments, or the possibility of making alternative orders. I dissent.
¶2 In Bearden v. Georgia, 461 U.S. 660,103 S. Ct. 2064, 76 L.Ed.2d 221 (1983), the Supreme Court held a defendant's probation cannot be revoked (and thus converted into a jail term) for his failure to pay a court-imposed fine or restitution absent evidence and a finding the "defendant was somehow responsible for the failure or that alternative forms of punishment were inadequate." 461 U.S. at 665. The Court further held:
[A] sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment . . . . If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his, he cannot pay the fine.
Id. at 672-73. The state court imprisoned Bearden "because he could not pay the fine, without considering the reasons for the inability to pay or the propriety of reducing the fine or extending the time for payments or making alternative orders." Id. at 674. In this way, "the court automatically turned a fine into a prison sentence." and deprived the "probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment." Id. at 673-74. See also, Turner v. Rogers, 564 U.S. 431, 131 S. Ct. 2507, 180 L.Ed.2d 452 (2011).
¶3 Under Bearden and Turner, the trial judge must inquire into Appellant's ability to pay before imprisonment. This inquiry must involve certain procedural safeguards, especially notice to the individual of the importance of ability to pay and an inquiry into the ability to pay and any refusal to pay. If an individual is unable to pay, then the sentencing judge must consider alternative measures before imprisoning the individual. The Majority relies on Tilden v. State, 2013 OK CR 10, 306 P.3d 554, to say Appellant has the burden to show that he was unable to pay. Tilden is unconstitutional only in its holding regarding willfulness and should be overruled because it misinterprets Bearden and misapplies our previous law.
¶4 The State presented three witnesses to testify that Appellant was assessed the fines, costs, fees, and that he had not made a payment. The trial court did not inquire of Appellant the reasons for not paying the assessments. For some unknown reason, Appellant's counsel sat by and failed to present any argument regarding willfulness or an inability to pay on behalf of the Appellant. Interestingly, the State alleged newly committed offenses in violation of the probated sentence along with failure to pay; however the State failed to introduce any evidence of the new violations, and the trial court's decision to revoke was solely based on failure to pay. To revoke an Appellant at a revocation proceeding by presenting only evidence of failure to pay without any evidence of willfulness, instead of presenting evidence in support of the more serious violation of committing new crimes, is a dangerous and inappropriate procedure to adopt.
¶5 The Majority's holding that a defendant must present evidence at a revocation proceeding is faulty because it ignores the language of the Supreme Court's holding in Bearden. In Bearden, the Court explicitly directed all courts to conduct a hearing of a defendant's ability to pay because it is unconstitutional to revoke an indigent person's probation simply based on his inability to pay a fine or restitution. 461 U.S. at 665, 103 S.Ct. at 2069. Although the Supreme Court could easily place the onus on the defendant to request the hearing, the Court declared that "a sentencing court must inquire into the reasons for failing to pay." 461 U.S. at 673, 103 S.Ct. at 2073.
¶6 The Majority misses the mark completely. Focusing on which party in the revocation proceedings must present evidence regarding a willful failure to pay, the Majority happily places the burden solely on the defendant. Bearden does not stand for the proposition that defendants must prove through the presentation of evidence that they are poor or unable to pay.
¶7 The Supreme Court mandates, before putting a person in prison for debts alone, that a trial court must inquire into the willfulness of the violation.[1] Why? It is simple. Society agrees willful non-payment should be punished. Society understands the financial irresponsibility of spending taxpayer money to house persons for not paying fines and cost. Society will not imprison people for being poor, as we no longer live in colonial America and promote debtor's prison.
¶8 The Oklahoma Legislature, understanding our State prison crisis, enacted 22 O.S.Supp 2018, § 991b(D)(3), which went into effect November 1, 2018, and states: "Absent a finding of willful nonpayment by the offender, the failure of an offender to pay fines and costs may not serve as a basis for revocation, excluding restitution." The Bearden mandate will be codified in Oklahoma, mooting the Majority opinion in this case. A trial court must make inquiry and a finding regarding willfulness if the court is placing a person in prison for failure to pay.
¶9 The State in a revocation proceeding bears the burden of proof. If the State simply puts on evidence of non-payment and rests, they have not offered any evidence for the judge to make the required findings under the statute for willful failure to pay. If the defendant chooses to present evidence of non-willfulness, then the judge must consider that evidence in making a finding under 22 O.S. § 991b(3). The new statute and Bearden, do not establish a presumption of willfulness. A defendant is not required to present a defense. [2] Argument can be made that the State does not have to present evidence of a willful failure to pay, but without any evidence of willfulness, the trial Court is without a basis for a revocation.
¶10 However, this is not the end of the procedural aspects of a revocation solely for debt collection, as the judge is the gatekeeper. The judge is the last person to protect the process, as it should be. Putting someone in prison for failure to pay must be rare. As in every instance prior to incarcerating a person for failure to pay a debt, the judge must inquire of the defendant as to the reasons for the inability to pay. The Supreme Court recognized this important procedural step, stating "We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay." Bearden v. Georgia, 461 U.S. at 672--73, 103 S. Ct. at 2073. How does the mandate of "the sentencing court must inquire" morph into "the defendant must prove it was not willful" in any logical interpretation? With the Court's ruling today, it is advancing a despicable practice, imprisoning people for being poor.
¶11 Without findings of fact that Appellant willfully failed to pay the assessments, costs, and fees through judicial inquiry, the decision to revoke the Appellant in full for five years in the Department of Corrections was an abuse of discretion and a violation of Appellant's right to due process. I would reverse the decision of the trial court.
FOOTNOTES
[1] The Equal Protection and Due Process Clauses of the United States Constitution ensure that an indigent probationer is not incarcerated based solely upon inability to pay a monetary obligation. See Bearden v. Georgia, 461 U.S. 660, 664, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); U.S. Const. amends. V, XIV. Del Valle v. State, 80 So. 3d 999, 1005 (Fla. 2011).
[2] The Majority cites cases from other jurisdictions to support their interpretation of Bearden requiring the burden to shift to a defendant after the State simply proves non-payment. However, numerous other jurisdictions (including federal courts) have found that my interpretation of Bearden is correct. No matter the burden or the evidence presented, there must be a judicial inquiry. See State ex rel. Fleming v. Missouri Bd. of Prob. & Parole, 515 S.W.3d 224 (Mo. 2017); Snipes v. State, 521 So. 2d 89, 90 (Ala. Crim. App. 1986); State v. Wilson, 150 Ariz. 602, 604, 724 P.2d 1271, 1273 (1986); Hanna v. State, 2009 Ark. App. 809, 372 S.W.3d 375, 379(2009)(burden shifts to defendant, but only after State presents evidence of non-payment plus other evidence to show willful non-payment); People v. Roletto, 2015 COA 41, ¶ 19, 370 P.3d 190, 194 (The statute in Colorado, unlike Oklahoma's statute, establishes a burden and makes proof of non-payment prima facie evidence.); State v. Martinik, 1 Conn. App. 70, 71-2, 467 A.2d 1247, 1248 (1983); Del Valle v. State, 80 So.3d 999, 1005 (Fla. 2011); Brown v. United States, 900 A.2d 184, 190-94(D.C. 2006); State v. Street, 28 Kan. App.2d 291, 293-94, 16 P.3d 333, 335-36 (2000); State v. Myles, 2004-264 (La.App. 3 Cir. 9/29/04), 882 So. 2d 1254, 1257; Berdin v. State, 648 So. 2d 73, 78 (Miss. 1994), overruled on other grounds by Smith v. State, 742 So. 2d 1146 (Miss. 1999); State v. Fowlie, 138 N.H. 234, 237, 636 A.2d 1037, 1039 (1994)(finding that the trial court must inquire into the reasons for failure to pay); Medlock v. State, 688 S.W.2d 664, 665, (Tex. Crim. App. 1985) (The Texas statute mandates, unlike Oklahoma's statute, that the defendant has to present an affirmative defense to prove not a willful violation.); State v. Dockery, 2010-Ohio-2365, 187 Ohio ApP.3d 798, 803, 933 N.E.2d 1155, 1159; State v. Spare, 374 S.C. 264, 269-70, 647 S.E.2d 706, 709 (Ct. App. 2007); Com. v. Dorsey, 328 Pa. Super. 241, 248-49, 476 A.2d 1308, 1312 (1984); State v. Haught, 179 W. Va. 557, 561, 371 S.E.2d 54, 58 (1988); De Luna v. Hidalgo Cty., Tex., 853 F. SupP.2d 623, 645 (S.D. Tex. 2012); Cain v. City of New Orleans, 281 F. SupP.3d 624, 645-49 (E.D. La. 2017).




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1987 OK CR 247, 745 P.2d 751, SPARKS v. STATE
Discussed
 1987 OK CR 255, 745 P.2d 1198, PATTERSON v. STATE
Discussed
 1989 OK CR 63, 781 P.2d 836, McCASKEY v. STATE
Discussed at Length
 2011 OK CR 16, 251 P.3d 749, GRIMES v. STATE
Discussed
 2013 OK CR 10, 306 P.3d 554, TILDEN v. STATE
Discussed at Length
 2016 OK CR 15, 387 P.3d 915, TOLLETT v. STATE
Discussed at Length
 1960 OK CR 38, 351 P.2d 1018, MESMER v. RAINES
Discussed
 1943 OK CR 128, 143 P.2d 833, 78 Okl.Cr. 83, In re Hall
Discussed
 1950 OK CR 7, 214 P.2d 455, 90 Okl.Cr. 302, ALLEN v. BURFORD
Discussed
 1999 OK CR 31, 986 P.2d 1145, 70 OBJ 2389, Demry v. State
Discussed
 1984 OK CR 67, 681 P.2d 1120, STUARD v. STATE
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1897 OK 15, 47 P. 1079, 5 Okla. 201, Coleman v. Territory
Discussed at Length
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 991b, Revocation in Whole or in Part of Suspended Sentence - Hearing - Review
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA