KUEHN, JUDGE, DISSENTING:
¶ 1 Revoking Appellant's suspended sentence in full for failure to pay fines, costs, assessments and supervision fees was an abuse of discretion, as the trial court did not make inquiry and did not make a finding on the Appellant's inability to pay, the propriety of reducing the fine or extending the time for payments, or the possibility of making alternative orders. I dissent.
¶ 2 In Bearden v. Georgia , 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), the Supreme Court held a defendant's probation cannot be revoked (and thus converted into a *1281 jail term) for his failure to pay a court-imposed fine or restitution absent evidence and a finding the "defendant was somehow responsible for the failure or that alternative forms of punishment were inadequate." 461 U.S. at 665, 103 S.Ct. 2064. The Court further held:
[A] sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment .... If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his, he cannot pay the fine.
Id . at 672-73, 103 S.Ct. 2064. The state court imprisoned Bearden "because he could not pay the fine, without considering the reasons for the inability to pay or the propriety of reducing the fine or extending the time for payments or making alternative orders." Id . at 674, 103 S.Ct. 2064. In this way, "the court automatically turned a fine into a prison sentence." and deprived the "probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment." Id . at 673-74, 103 S.Ct. 2064. See also, Turner v. Rogers , 564 U.S. 431, 131 S.Ct. 2507, 180 L.Ed.2d 452 (2011).
¶ 3 Under Bearden and Turner , the trial judge must inquire into Appellant's ability to pay before imprisonment. This inquiry must involve certain procedural safeguards, especially notice to the individual of the importance of ability to pay and an inquiry into the ability to pay and any refusal to pay. If an individual is unable to pay, then the sentencing judge must consider alternative measures before imprisoning the individual. The Majority relies on Tilden v. State , 2013 OK CR 10, 306 P.3d 554, to say Appellant has the burden to show that he was unable to pay. Tilden is unconstitutional only in its holding regarding willfulness and should be overruled because it misinterprets Bearden and misapplies our previous law.
¶ 4 The State presented three witnesses to testify that Appellant was assessed the fines, costs, fees, and that he had not made a payment. The trial court did not inquire of Appellant the reasons for not paying the assessments. For some unknown reason, Appellant's counsel sat by and failed to present any argument regarding willfulness or an inability to pay on behalf of the Appellant. Interestingly, the State alleged newly committed offenses in violation of the probated sentence along with failure to pay; however the State failed to introduce any evidence of the new violations, and the trial court's decision to revoke was solely based on failure to pay. To revoke an Appellant at a revocation proceeding by presenting only evidence of failure to pay without any evidence of willfulness, instead of presenting evidence in support of the more serious violation of committing new crimes, is a dangerous and inappropriate procedure to adopt.
¶ 5 The Majority's holding that a defendant must present evidence at a revocation proceeding is faulty because it ignores the language of the Supreme Court's holding in Bearden . In Bearden , the Court explicitly directed all courts to conduct a hearing of a defendant's ability to pay because it is unconstitutional to revoke an indigent person's probation simply based on his inability to pay a fine or restitution. 461 U.S. at 665, 103 S.Ct. at 2069. Although the Supreme Court could easily place the onus on the defendant to request the hearing, the Court declared that "a sentencing court must inquire into the reasons for failing to pay." 461 U.S. at 673, 103 S.Ct. at 2073.
¶ 6 The Majority misses the mark completely. Focusing on which party in the revocation proceedings must present evidence regarding a willful failure to pay, the Majority happily places the burden solely on the defendant. Bearden does not stand for the proposition that defendants must prove *1282 through the presentation of evidence that they are poor or unable to pay.
¶ 7 The Supreme Court mandates, before putting a person in prison for debts alone, that a trial court must inquire into the willfulness of the violation.[1] Why? It is simple. Society agrees willful non-payment should be punished. Society understands the financial irresponsibility of spending taxpayer money to house persons for not paying fines and cost. Society will not imprison people for being poor, as we no longer live in colonial America and promote debtor's prison.
¶ 8 The Oklahoma Legislature, understanding our State prison crisis, enacted 22 O.S.Supp 2018, § 991b(D)(3), which went into effect November 1, 2018, and states: "Absent a finding of willful nonpayment by the offender, the failure of an offender to pay fines and costs may not serve as a basis for revocation, excluding restitution." The Bearden mandate will be codified in Oklahoma, mooting the Majority opinion in this case. A trial court must make inquiry and a finding regarding willfulness if the court is placing a person in prison for failure to pay.
¶ 9 The State in a revocation proceeding bears the burden of proof. If the State simply puts on evidence of non-payment and rests, they have not offered any evidence for the judge to make the required findings under the statute for willful failure to pay. If the defendant chooses to present evidence of non-willfulness, then the judge must consider that evidence in making a finding under 22 O.S. § 991b(3). The new statute and Bearden , do not establish a presumption of willfulness. A defendant is not required to present a defense.[2] Argument can be made that the State does not have to present evidence of a willful failure to pay, but without any evidence of willfulness, the trial Court is without a basis for a revocation.
¶ 10 However, this is not the end of the procedural aspects of a revocation solely for debt collection, as the judge is the gatekeeper. The judge is the last person to protect the process, as it should be. Putting someone in prison for failure to pay must be rare. As in every instance prior to incarcerating a person for failure to pay a debt, the judge must inquire of the defendant as to the reasons for the inability to pay. The Supreme Court recognized this important procedural step, stating "We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay." Bearden v. Georgia , 461 U.S. at 672-73, 103 S.Ct. at 2073. How does the mandate of "the sentencing *1283 court must inquire" morph into "the defendant must prove it was not willful" in any logical interpretation? With the Court's ruling today, it is advancing a despicable practice, imprisoning people for being poor.
¶ 11 Without findings of fact that Appellant willfully failed to pay the assessments, costs, and fees through judicial inquiry, the decision to revoke the Appellant in full for five years in the Department of Corrections was an abuse of discretion and a violation of Appellant's right to due process. I would reverse the decision of the trial court.

I note that Appellant committed numerous violations of the rules and conditions of his suspended sentence, including committing new felony crimes, yet the State, inexplicably, did not allege these violations in the revocation proceedings.

The Majority cites cases from other jurisdictions to support their interpretation of Bearden requiring the burden to shift to a defendant after the State simply proves non-payment. However, numerous other jurisdictions (including federal courts) have found that my interpretation of Bearden is correct. No matter the burden or the evidence presented, there must be a judicial inquiry. See State ex rel. Fleming v. Missouri Bd. of Prob. & Parole , 515 S.W.3d 224 (Mo. 2017) ; Snipes v. State , 521 So.2d 89, 90 (Ala. Crim. App. 1986) ; State v. Wilson , 150 Ariz. 602, 604, 724 P.2d 1271, 1273 (1986) ; Hanna v. State , 2009 Ark. App. 809, 372 S.W.3d 375, 379 (2009) (burden shifts to defendant, but only after State presents evidence of non-payment plus other evidence to show willful non-payment); People v. Roletto , 2015 COA 41, ¶ 19, 370 P.3d 190, 194 (The statute in Colorado, unlike Oklahoma's statute, establishes a burden and makes proof of non-payment prima facie evidence.); State v. Martinik , 1 Conn. App. 70, 71-2, 467 A.2d 1247, 1248 (1983) ; Del Valle v. State , 80 So.3d 999, 1005 (Fla. 2011) ; Brown v. United States , 900 A.2d 184, 190-94 (D.C. 2006) ; State v. Street , 28 Kan. App.2d 291, 293-94, 16 P.3d 333, 335-36 (2000) ; State v. Myles , 2004-264 (La.App. 3 Cir. 9/29/04), 882 So.2d 1254, 1257 ; Berdin v. State , 648 So.2d 73, 78 (Miss. 1994), overruled on other grounds by Smith v. State , 742 So.2d 1146 (Miss. 1999) ; State v. Fowlie , 138 N.H. 234, 237, 636 A.2d 1037, 1039 (1994) (finding that the trial court must inquire into the reasons for failure to pay); Medlock v. State , 688 S.W.2d 664, 665 (Tex. Crim. App. 1985) (The Texas statute mandates, unlike Oklahoma's statute, that the defendant has to present an affirmative defense to prove not a willful violation.); State v. Dockery , 2010-Ohio-2365, 187 Ohio App.3d 798, 803, 933 N.E.2d 1155, 1159 ; State v. Spare , 374 S.C. 264, 269-70, 647 S.E.2d 706, 709 (Ct. App. 2007) ; Com. v. Dorsey , 328 Pa. Super. 241, 248-49, 476 A.2d 1308, 1312 (1984) ; State v. Haught , 179 W. Va. 557, 561, 371 S.E.2d 54, 58 (1988) ; De Luna v. Hidalgo Cty ., Tex., 853 F.Supp.2d 623, 645 (S.D. Tex. 2012) ; Cain v. City of New Orleans , 281 F.Supp.3d 624, 645-49 (E.D. La. 2017).