Donald Leon LENNOX, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. O-83-145.

Court of Criminal Appeals of Oklahoma.

Jan. 17, 1984.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen. of Oklahoma, Alan B. Foster, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Donald Leon Lennox entered a plea of guilty to a charge of Burglary in the Second Degree, and was sentenced to two (2) years in prison, suspended. Subsequently, the State filed an application to revoke the suspended sentence, alleging in relevant part that the

> sentence so imposed upon said defendant, DONALD L. LENNOX by the Court was suspended during the good behavior of said defendant

and that

> DONALD L. LENNOX violated the terms and conditions of the suspension clause of the Judgment and Sentence, which was in full force and effect as aforesaid, in the following particular, to wit: that the said DONALD L. LENNOX failed to comply with the rules of probation, and has wilfully and wrongfully failed to comply with the order of the Court.[1]

---

1. The revocation application stated more fully as follows:

    ... on the 4th day of March, 1982, the said DONALD L. LENNOX entered his plea of guilty in case No. CRF–81–220 in the District Court of Comanche County, Oklahoma, to the charge of Burglary Second Degree as set out in the Information on file in this cause

We note that the only condition of probation referred to in the application was that defendant remain on "good behavior", generally defined as conduct conforming to law. See *State v. Oliver,* 247 A.2d 122 (Me.1968); *State v. Chesnut,* 11 Utah 2d 142, 356 P.2d 36 (1960); *In Re Weber,* 75 Ohio App. 206, 61 N.E.2d 502 (1945); and *State v. Pelley,* 221 N.C. 487, 20 S.E.2d 850 (1942). The original judgment and sentence in this case reveals that the only condition of the suspended sentence reasonably encompassed by the language of the application to revoke was that defendant "refrain from violation of any City, State or Federal law."

However, it became apparent at the revocation hearing that the State was, in fact, relying on the alleged violations of three totally different conditions of the suspended sentence. On cross-examination of the State's only witness, petitioner's probation officer, we find the following:

Q Okay. I was just looking at your report. Now you've brought this action or—for the violation. Now, what violation specifically are you complaining of here today?

A Well, that he didn't report monthly as required, that he did not pay his probation fees as required by the Court, and he initially furnished erroneous information to an official.

Tr. 8.

The trial court revoked the suspended sentence, stating only that "the Court hereby finds you in violation of the conditions of your suspension", Tr. 23, and "the Court being fully advised in the premises, finds that the said DONALD L. LENNOX has violated the terms and conditions of the suspension clause of the Judgment and Sentence as in the Application set out." O.R. 42.[2]

On review, petitioner asserts several propositions of error, only one of which need be addressed at this time, to wit, that there was inadequate notice of the violations alleged by the State. This contention is well taken. In *In Re Collyar,* 476 P.2d 354 (Okl.Cr.1970), this Court stated that "[w]hen an application to revoke a suspended sentence is presented to the trial court, said application must state allegations sufficiently clear to advise the person of the reasons for seeking such revocation, as being violations of the terms and conditions of suspension." Id. at 357.

The application must allege facts with such clarity that the defense is able to

and said Defendant, DONALD L. LENNOX was sentenced to serve a term of two years under the Supervision of the Department of Corrections which said sentence so imposed upon said defendant, DONALD L. LENNOX by the Court was suspended during the good behavior of said defendant.

That subsequent to the pronouncement of said Judgment and Sentence, and on the 12th day of July, 1982, the said DONALD L. LENNOX violated the terms and conditions of the suspension clause of the Judgment and Sentence, which was in full force and effect as aforesaid, in the following particular, to-wit: that the said DONALD L. LENNOX failed to comply with the rules of probation, and has wilfully and wrongfully failed to comply with the order of the Court.

**2.** The revocation order provides:

And now on this the 9th day of September, 1982, the Application of Dick W. Tannery, District Attorney, in and for Comanche County, Oklahoma to revoke the suspension clause of the Judgment and Sentence in the above entitled cause, CRF–81–220 comes regularly on for hearing, and the defendant, DONALD L. LENNOX appearing in person, and the Court being fully advised in the premises, finds that the said DONALD L. LENNOX has violated the terms and conditions of the suspension clause of the Judgment and Sentence as in the Application set out.

That on the 12th day of July, 1982, the Judgment and Sentence in this cause was in full force and effect; and that the suspension clause in said Judgment and Sentence should be set aside and revoked.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court, that the suspension clause in the Judgment and Sentence of this Court on the 4th day of March, 1982, in the above entitled cause, CRF–81–]]0 be and the same is hereby set aside and revoked.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court, that the said DONALD L. LENNOX in this cause be sentenced to serve two years with the Oklahoma Department of Corrections.

determine what reason is being submitted as ground for revocation, enabling preparation of a defense to the allegation. *Knight v. State,* 506 P.2d 927 (Okl.Cr.1973). Notice sufficient to apprise the defendant of the grounds upon which revocation is sought is essential. *Brown v. State,* 494 P.2d 344 (Okl.Cr.1972). "[W]ritten notice of the claimed violations" is now recognized as among the minimum requirements of due process. *Morrissey v. Brewer,* 408 U.S. 471, 488–489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972), held applicable to probation revocation proceedings in *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and *Woods v. State,* 526 P.2d 944 (Okl.Cr.1974). This requirement is codified in 22 O.S.1981, § 991b, which provides in part that "the suspended sentence of said person may not be revoked, in whole or in part, for any cause unless a petition setting forth the grounds for such revocation is filed by the district attorney with the clerk of the sentencing court."

It is manifest that the petitioner in this case was not afforded sufficient notice of the grounds upon which revocation was sought and that revocation was ordered on the basis of violations not alleged in the application.[3] A suspended sentence may not be revoked on a ground not stated in the application, thus depriving the defendant of an opportunity to prepare a defense. *See, Poindexter v. State,* 585 P.2d 360 (Okl. Cr.1978). Given the misleading character of the application, which only came to light at the revocation hearing, we attach no significance to petitioner's failure to demur to the application or move that the application be made more definite and certain prior to the hearing. Cf. *Knight v. State,* supra.

The revocation order is REVERSED and the cause REMANDED.

BUSSEY, P.J., and BRETT, J., concur.

**3.** The only evidence relating to criminal activity by petitioner was testimony that he was in jail at one point during probation on a petit larceny charge. However, the State did not prove a final judgment and sentence on such charge, nor did it offer proof of the elements of the offense. See *Stoner v. State,* 566 P.2d 142 (Okl.Cr.1977).