**William R. McCASKEY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. O-87-277.**

Court of Criminal Appeals of Oklahoma.

Oct. 11, 1989.

Opio Toure, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Vice Presiding Judge:

William R. McCaskey, Appellant, was charged by information for the crime of

Obtaining Money by False Pretenses (21 O.S.1981, § 1541.2) in Rogers County, Case No. CRF–82–242. On May 10, 1984, the appellant, who was represented by counsel, entered a plea of guilty to the charge. The trial court assessed a three (3) year suspended sentence and ordered restitution in the amount of $2,303.00 to be paid within six (6) months. Appellant was employed as a mechanic at the time of sentencing and throughout the restitution period.

The only payment Appellant made in this six-month period was in July, 1984, when he paid $400.00. At the time of sentencing, Appellant believed he could make timely restitution. On March 20, 1985, the State filed an Application to Revoke Suspended Sentence on the sole ground that Appellant failed to pay restitution. Appellant appeared at the initial appearance and was released on an OR bond. He promptly left the State for a year in Texas. In July, 1985, Appellant made a $500.00 restitution payment.

Appellant returned to Oklahoma and the revocation hearing was held October 14, 1986. The State's evidence established the fact that Appellant had paid $900.00 toward restitution and still owed $1,403.00. The Appellant testified that he was employed for four months after restitution was ordered as a mechanic and made $4.00 per hour. He was then self-employed in his own auto shop for another four months.

■■ In his first proposition of error, Appellant relies on *Stuard v. State*, 681 P.2d 1120 (Okl.Cr.1984) and *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) to argue the State failed to prove by a preponderance of the evidence that his failure to pay restitution was willful. Appellant misapprehends the State's burden. The State has the burden to prove by a preponderance that the probationer has failed to make restitution. *Stuard,* at 1121. Once the State has met this burden, the burden shifts to the probationer to show that the failure to pay was not willful, *Patterson v. State*, 745 P.2d 1198 (Okl.Cr.1987), or that Appellant has made a good faith effort to make restitution. *See Sparks v. State*, 745 P.2d 751 (Okl.Cr.1987). If the probationer presents evidence to show non-payment was not willful, the hearing court must make a finding of fact regarding the probationer's ability to pay.

In the instant case the trial court properly followed the guidelines set forth in *Bearden*, 461 U.S. at 473, 103 S.Ct. at 2073 and inquired into Appellant's failure to pay. Appellant presented insufficient evidence to show his failure to pay was not willful. This case is thus distinguishable from *Stuard* in which the uncontroverted evidence established *Stuard* was largely unemployed during the restitution period and unable to pay. 681 P.2d at 1121. Appellant also made no showing of a good faith effort to pay.

■ Appellant next relies on *Morissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) to argue the trial court denied him due process by failing to make written findings of fact as to the evidence relied on and the reasons for revoking his probation. This argument is unavailing. It is well established that the due process rights of the probationer may be satisfied by the trial court stating on the record the reasons for revocation. *See Powell v. State*, 745 P.2d 1180 (Okl.Cr.1987); *McCowan v. State*, 737 P.2d 954 (Okl.Cr.1987). In the instant case the trial court stated on the record that the evidence established Appellant was employed during the restitution period and that he had income from which restitution could have been made. (Tr.39). We find Appellant was thereby properly advised of the evidence and reason for revoking his suspended sentence.

The order of the trial court revoking Appellant's suspended sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concurs.

LUMPKIN, J., concurs in result.