HUDSON, JUDGE:
¶ 1 Appellant, Phillip Eric Winbush, III, appeals from the revocation of his five (5) year suspended sentence in Case No. CF-2012-478 in the District Court of Comanche County, by the Honorable Mark R. Smith, District Judge. On April 16, 2013, Appellant entered a plea of guilty to Count 1: Unlawful Possession of Controlled Drug With Intent to Distribute, felony; Count 2: Attempting to Elude Police Officer, misdemeanor; and Count 3: Driving With License Cancelled / Suspended / Revoked, misdemeanor. He was sentenced to a term of eight (8) years with all but the first three (3) years suspended, plus fines, costs and fees of $3,336.00 on Count 1; to a term of one (1) year, plus fines, costs and fees of $726.00 on Count 2; and to a term of one (1) year, plus fines, costs and fees of $736.50 on Count 3, with all sentences ordered to run concurrently.
¶ 2 On May 18, 2014, Appellant signed a Notice of Court Hearing for Payment of Fines and Costs and agreed to appear within ten days of his release to determine his ability to pay fines and costs.[1] On July 24, 2014, Appellant appeared and agreed to a *1277 scheduled payment of $150.00 on or before August 30, 2014, and every month thereafter until paid in full. On May 22, 2015, the State filed a motion to revoke Appellant's suspended sentence alleging he violated probation by (1) failing to pay all fines, costs, assessments, restitution and supervision fees; and (2) by committing the new crimes of Count 1: Possession of Controlled Dangerous Substance, Methamphetamine, felony; and Count 2: Domestic Assault and Battery, misdemeanor. On May 28, 2015, Appellant waived his right to a revocation hearing within twenty days. On October 1, 2015, Appellant appeared and the revocation hearing was continued until November 12, 2015. Appellant agreed to a scheduled payment of $100.00 on or before November 9, 2015, and every month thereafter until paid in full. On November 13, 2015, Judge Smith entered a Minute Order noting Appellant failed to appear on November 12, 2015; Appellant's bond was revoked and reset and a bench warrant was issued. On December 2, 2015, Appellant appeared and the revocation hearing was continued several times.
¶ 3 On September 20, 2016, the revocation hearing was conducted before Judge Smith. The State first called Kelly Blasengame ("Blasengame"). Blasengame worked in the Comanche County District Court Clerk's office and was responsible for tracking people who had been ordered to pay fines and costs. Blasengame testified Appellant had not paid any money towards his fines and costs. Blasengame testified a first payment schedule had been set up for Appellant and he made no scheduled payments on fines and costs. Blasengame testified a second payment schedule was set up for Appellant and he again made no payments on fines, costs or assessments. The State then called John Crouse ("Crouse") with the Comanche County District Attorney's Office. Crouse testified he was responsible for tracking individuals ordered to pay DA supervision fees. Crouse testified Appellant had come in to set up a payment schedule, but had never paid any money toward his fees. On cross-examination, Crouse testified that Appellant had never contacted him concerning any difficulty Appellant was having in making his payments. The State's final witness was Keli Ireland ("Ireland") with the Comanche County District Attorney's Office. Ireland testified Appellant kind of had an attitude when he filled out his intake form, so she let Crouse handle the case. After Ireland's testimony, the State rested.
¶ 4 Appellant demurred to the evidence, which was denied by Judge Smith. Appellant did not present any testimony or evidence at the revocation hearing. Judge Smith found by a preponderance of the evidence that Appellant had violated probation by failing to make required payments. Judge Smith ordered a pre-sentence investigation report and continued the sentencing hearing. On October 20, 2016, Judge Smith heard arguments and revoked Appellant's five (5) years suspended sentence in full. Appellant now appeals.
¶ 5 In his first proposition, Appellant contends that Judge Smith's order revoking his suspended sentence was an abuse of discretion "because the law, as applied to the facts, failed to prove the alleged violations were willful." Appellant's brief at 3. Appellant argues that there was no evidence presented in this case that he willfully did not pay fines and costs, and therefore this Court should reverse Judge Smith's order revoking his suspended sentence. Appellant also argues that it is fundamentally unfair to revoke probation automatically without considering whether adequate alternative methods for punishing the defendant are available. The dissent in this appeal contends that because Judge Smith "did not inquire of Appellant the reasons for not paying the assessments" the revocation of Appellant's suspended sentence was an abuse of discretion.
¶ 6 These arguments resurrect the issue of where the burden of proof should be placed when a probationer has failed to make required payments. Specifically, which party bears the burden of demonstrating whether such violation was willful or not. Appellant and the dissent both rely heavily on specific language within Bearden v. Georgia , 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) to support their contentions that the burden is on the sentencing court to inquire into and establish whether the probationer's failure to pay was not willful, or whether the probationer has made sufficient bona fide efforts to pay.
*1278 ¶ 7 Bearden is not a beacon of clarity as is evidenced by the struggle numerous courts exhibited in their early attempts to decipher the decision. This Court's own decisions issued within a relatively short time after Bearden reflect those struggles.[2] However, this Court and numerous other courts ultimately put Bearden to bed and established the standard still in effect-i.e., once the State proves that the probationer has failed to make restitution payments, the burden shifts to the probationer to prove that his failure to pay was not willful or that he has made sufficient bona fide efforts to pay. McCaskey v. State , 1989 OK CR 63, ¶ 4, 781 P.2d 836, 837. If the probationer presents evidence to show non-payment was not willful, the hearing court must consider such evidence and make a finding of fact regarding the probationer's ability to pay. Id . ; see also e.g. Tilden v. State , 2013 OK CR 10, ¶ 7, 306 P.3d 554, 557 ; Reese v. Arkansas , 26 Ark. App. 42, 759 S.W.2d 576, 577 (1988) ; Illinois v. Walsh , 273 Ill.App.3d 453, 210 Ill.Dec. 126, 652 N.E.2d 1102, 1106 (1995) ; Turner v. Maryland , 307 Md. 618, 516 A.2d 579, 583 (1986) ; New Hampshire v. Fowlie , 138 N.H. 234, 636 A.2d 1037, 1039 (1994) ; New Mexico v. Parsons , 104 N.M. 123, 717 P.2d 99, 104 (Ct. App. 1986) ; North Dakota v. Jacobsen , 746 N.W.2d 405, 408 (N.D. 2008) ; Ohio v. Hamann , 90 Ohio App.3d 654, 630 N.E.2d 384, 395 (1993) ; Miller v. Penn. Bd. Of Prob. & Parole , 784 A.2d 246, 248 (Pa. Cmmw. Ct. 2001) ; Rhode Island v. LaRoche , 883 A.2d 1151, 1155 (R.I. 1994) ; Wike v. Texas , 725 S.W.2d 465, 468 (Tex. Ct. App. 1987) ; Washington v. Bower , 64 Wash.App. 227, 823 P.2d 1171, 1174-75 (1992) ; Ramsdell v. Wyoming , 149 P.3d 459, 464 (Wyo. 2006).
¶ 8 Despite the nearly thirty (30) year precedent of McCaskey , Appellant and the dissent argue that McCaskey , Tilden and the other above cited authority misinterprets and misapplies Bearden . Their argument is unfounded. A careful and correct reading of Bearden gives proper perspective to the case and controversy actually addressed and the holdings actually made therein. We take this opportunity to weed the garden of revocation law concerning the willfulness of probation violations, and the burdens of proof and persuasion, particularly regarding a probationer's indigence and the failure to make required probation payments.
¶ 9 In Bearden , the State of Georgia filed a petition to revoke Bearden's probation because he had not paid the $550 balance of fines and restitution as ordered. Bearden was notified of the petition and was given the opportunity to be heard at a hearing on the petition. Bearden and his wife both testified about their lack of income and assets and of his repeated efforts to obtain work. Without considering the testimony of Bearden and his wife, the Georgia court automatically revoked Bearden's probation strictly based on Bearden's failure to pay as ordered the balance owed. On appeal, the United States Supreme Court held that fundamental fairness prohibited Georgia from sentencing Bearden to imprisonment simply because he failed to pay, without considering the reasons Bearden provided for his inability to pay, and determining that he had not made sufficient bona fide efforts to pay. Bearden , 461 U.S. at 673, 674, 103 S.Ct. at 2073, 2074. The Supreme Court accordingly reversed the revocation of Bearden's probation and remanded for a new sentencing hearing. Id. , 461 U.S. at 662, 673-74, 103 S.Ct. at 2067, 2073-74. The decision in Bearden was therefore based upon the sentencing court's failure/refusal to consider evidence presented-not upon the State's failure to prove the alleged violations were willful, as Appellant argues in this matter.
¶ 10 The following sentence in Bearden continues to be taken out of context and misconstrued: "We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay." Bearden , 461 U.S. at 672, 103 S.Ct. at 2073. Too often we see defendants on appeal erroneously read this sentence as placing the *1279 burden of proof or persuasion on the sentencing court to inquire and determine the reasons for the probationer's failure to pay. However, the sentence must be read in the context of the entire opinion. At his revocation hearing, Bearden presented evidence that he had made bona fide efforts to pay the $550 balance of his fines and restitution. Therefore, the Court had no reason to require the sentencing court to further inquire into the reasons for Bearden's failure to pay. Again, the Supreme Court reversed Bearden's probation because the sentencing court had not considered Bearden's reasons for his inability to pay, and from this evidence determined whether Bearden made sufficient bona fide efforts to pay. Bearden , 461 U.S. at 673, 674, 103 S.Ct. at 2073, 2074. Thus, read in the proper context of the entire opinion, the troubling statement provides that a sentencing court must consider the explanatory reasons offered by a defendant for their failure to pay. Id. , 461 U.S. at 672, 103 S.Ct. at 2073.
¶ 11 Moreover, the Bearden decision had little to do with the question of which party had the burden to prove whether Bearden's failure to pay was willful,[3] or whether he had made sufficient bona fide efforts to pay. Bearden took advantage of the notice and opportunity to be heard that he was given and presented evidence, in the form of his and his wife's testimony, about their lack of income and assets and of his repeated efforts to obtain work. Bearden , 461 U.S. at 662-63, 673, 103 S.Ct. at 2067, 2073. When the Bearden Court does touch on the subject, it places the burden on the probationer to "demonstrate" sufficient bona fide efforts to make required payments. Bearden , 461 U.S. at 660-61 (syllabus b), 670, 671, 673 (fn.12), 103 S.Ct. at 2066 (syllabus b), 2071-72, 2072, 2073 (fn.12). The Bearden decision thus cannot be read as placing the burden of proof on the sentencing court. Indeed, as this Court recognized in Tollett v. State , 2016 OK CR 15, 387 P.3d 915, it is not "inequitable, oppressive, or substantially prejudicial" to place the burden of proof on the defendant when the State cannot viably bear the burden because, if such facts exist, they are "peculiarly within [the defendant's] knowledge, and could be easily susceptible of proof by him." Id. 2016 OK CR 15, ¶ 8, 387 P.3d at 917 (quoting Coleman v. Territory , 1897 OK 15, ¶¶ 38-39, 5 Okla. 201, 47 P. 1079, 1083 ).[4]
¶ 12 This Court has long held that a suspended sentence is a matter of grace and revocation of a suspended sentence is within the sound discretion of the trial court. See e.g. Demry v. State , 1999 OK CR 31, ¶ 12, 986 P.2d 1145, 1147 ; Mesmer v. Raines , 1960 OK CR 38, ¶ 7, 351 P.2d 1018, 1020 ; Allen v. Burford , 1950 OK CR 7, 214 P.2d 455, 457, 90 Okl. Cr. 302, 305 ; In re Hall , 1943 OK CR 128, 143 P.2d 833, 833-84, 78 Okl.Cr. 83, 84. Before a defendant is given probation, he or she acknowledges the terms and conditions of probation and agrees that he or she can and will abide by those terms and conditions. Thereafter, if a violation is alleged by the State, a probationer is given notice and has an opportunity to present evidence that a probation violation should be excused, which can be considered along with other evidence at the revocation hearing. Any proven violation of probation negates the original determination that probation is appropriate. To prove a "failure to pay" violation, as is clearly set forth in McCaskey , the State bears the initial burden to prove that the probationer has failed to make restitution payments. McCaskey , 1989 OK CR 63, ¶ 4, 781 P.2d at 837. Thereafter, the burden shifts to the *1280 probationer to prove that his failure to pay was not willful or that he has made sufficient bona fide efforts to pay. Id. And, in accord with Bearden , if the probationer presents evidence to show non-payment was not willful, the hearing court must consider such evidence and make a finding of fact regarding the probationer's ability to pay. Id.
¶ 13 In this case, Appellant did not present any testimony or evidence at the revocation hearing. He thus made no showing that his failure to pay all fines, costs, assessments, restitution and supervision fees was not willful; or that he made some good faith efforts to make payments. McCaskey , 1989 OK CR 63, ¶ 4, 781 P.2d at 837 ; Tilden , 2013 OK CR 10, ¶ 7, 306 P.3d at 557. In fact, the record shows that Appellant and his counsel were parties to the proceedings when installment payment schedules were twice established for Appellant. See Section VIII, Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch.18, App. (2018). Appellant never made any payments even after the schedules were made. Appellant has not established that Judge Smith erred or abused his discretion by revoking Appellant's suspended sentence. Proposition I is denied.
¶ 14 In his second proposition, Appellant correctly notes that the District Court did not impose post-imprisonment supervision either when Appellant was found to have violated terms and conditions of his suspended sentence on September 20, 2016, or when his five year suspended sentence was revoked in full on October 20, 2016. Appellant complains because the Judgment and Sentence After Revocation Proceedings includes a provision that he is to be under post-imprisonment supervision for one year after his release from custody, which will be supervised by a probation officer at $40.00 a month.
¶ 15 The State notes that the post-imprisonment supervision provision in the Judgment and Sentence After Revocation Proceedings is a scrivener's error. This Court has noted that a request to correct a scrivener's error should first be presented to the District Court by motion for order nunc pro tunc . Grimes v. State , 2011 OK CR 16, ¶ 21, 251 P.3d 749, 755. Appellant has not made such a request to the District Court; therefore his second proposition should be denied.
DECISION
¶ 16 The order of the District Court of Comanche County revoking Appellant's five year suspended sentence in Case No. CF-2012-478 is AFFIRMED . Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch.18, App. (2018), the MANDATE is ORDERED issued upon the filing of this decision.
LUMPKIN, P.J.: CONCUR
LEWIS, V.P.J.: CONCUR IN RESULT
KUEHN, J.: DISSENT
ROWLAND, J.: CONCUR
LEWIS, VICE PRESIDING JUDGE, CONCURRING IN RESULTS:
¶ 1 I would simply affirm based on this Court's holding in McCaskey v. State , 1989 OK CR 63, 781 P.2d 836, and its reading of Bearden v. Georgia , 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). I conclude that the trial court in this case properly applied McCaskey and its correct interpretation of the Bearden standard. All else is tilting at windmills. There were no constitutional violations in this case.[1]

The DOC website shows Appellant was released from his three year term of incarceration on July 18, 2014.

This Court first found that the State failed to meet its burden, as defined by Bearden , to prove that the defendant was responsible for the failure make restitution payments as ordered. Stuard v. State , 1984 OK CR 67, 681 P.2d 1120. This Court then found that the defendant had met the burden of proving good faith efforts to pay restitution and court costs. Sparks v. State , 1987 OK CR 247, 745 P.2d 751. Next, this Court found that the State is not required to prove that the defendant deliberately failed to pay restitution. Patterson v. State , 1987 OK CR 255, 745 P.2d 1198.

The Supreme Court notes that if there is proof the probationer has willfully refused to pay the fine or restitution when he has the means to pay, the State is perfectly justified in using imprisonment as a sanction to enforce collection. Bearden , 461 U.S. at 660 (syllabus a), 668, 668, 672, 103 S.Ct. at 2066 (syllabus a), 2070, 2070, 2073.

Counsel for Appellant also cites a statement made by the United States Supreme Court in Minnesota v. Murphy that the sentencing "court must find that [the probationer] violated a specific condition, that the violation was intentional or inexcusable, and that the need for confinement outweighs the policies favoring probation." Murphy , 465 U.S. 420, 438, 104 S.Ct. 1136, 1148, 79 L.Ed.2d 409 (1984). That passage in Murphy is merely stating what the statutory and case law of Minnesota requires in a revocation proceeding. Id . Minnesota's statutory and case law is not applicable to revocation proceedings in Oklahoma. Other states also have statutory and/or case law, not found in Oklahoma, that provide a violation must be inexcusable or willful before probation can be revoked. See Del Valle v. Florida , 80 So.3d 999, 1011 (Fla. 2011) (Florida law requires a specific finding of willfulness in a revocation proceeding).

The Equal Protection and Due Process Clauses of the United States Constitution ensure that an indigent probationer is not incarcerated based solely upon inability to pay a monetary obligation. See Bearden v. Georgia, 461 U.S. 660, 664, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) ; U.S. Const. amends. V, XIV. Del Valle v. State , 80 So.3d 999, 1005 (Fla. 2011).