CONROY-PEREZ v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:CONROY-PEREZ v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 CONROY-PEREZ v. STATE
2019 OK CR 5
440 P.3d 64
Case Number: F-2017-559
Decided: 04/04/2019
JONAS JORGE CONROY-PEREZ, Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2019 OK CR 5, 440 P.3d 64

 

 

SUMMARY OPINION

LUMPKIN, JUDGE:

¶1 Appellant, Jonas Jorge Conroy-Perez, appeals from the acceleration of his deferred judgment and sentencing in Case No. CF-2014-182 in the District Court of Washita County, by the Honorable Christopher S. Kelly, Associate District Judge. On August 20, 2015, Appellant entered a negotiated plea of guilty to Harboring a Fugitive From Justice, and judgment and sentencing was deferred for two years until August 17, 2017, pursuant to rules and conditions of probation.

¶2 On February 11, 2016, the State filed an application to accelerate Appellant's deferred sentencing alleging he violated probation by (1) having new felony charges filed for Knowingly Concealing Stolen Property in the District Court of Washita County; and (2) by failing, refusing and neglecting to pay his "Prosecution Reimbursement fees to the District Attorney's Office." On May 30, 2017, the hearing on the application to accelerate was held before Judge Kelly.

¶3 At the hearing, the State presented the testimony of Brittani Brice ("Brice"), a victim/witness coordinator for the Washita County District Attorney's Office. Brice testified that in August of 2015 Appellant had been ordered to pay $960.00 in District Attorney supervision fees; Appellant made a payment of $80.00 on January 15, 2016, as his only payment; and thus his current balance was $880.00. On cross-examination, Brice testified that she had not checked on and was not testifying about Appellant's financial condition, only that he owes $880.00. After Brice's testimony, the State rested.[1]

¶4 Appellant testified in his own defense. Appellant said he had not worked since June 11, 2015, when he was in a vehicle wreck while working for a television and appliance company. Appellant testified he was on worker's compensation and could not work because he needed arm surgery and because of a pending worker's compensation settlement. On cross-examination, Appellant acknowledged his accident occurred about one and one-half months before he entered his plea in this case and he knew about his medical issues and his worker's compensation issues when he entered the plea agreement. After his testimony, Appellant rested.

 

¶5 In closing, the State argued that, while it was understandable Appellant wasn't working because of his pending surgery and pending worker's compensation settlement, he still had the responsibility to make required payments. The State also noted Appellant agreed to make the payments after his accident. The State asked that Appellant be convicted and sentenced to a term of five years, with all but the first ninety days suspended. Counsel for Appellant argued the evidence showed he is willing and wants to work but can't because of his physical disability caused by the accident.

¶6 After hearing the arguments, Judge Kelly stated that, having reviewed the evidence and testimony, Appellant had violated his rules and conditions of probation and his deferred judgment would be accelerated to a term of ten years with DOC, with all time suspended except for the first ninety days.

¶7 Appellant filed this appeal asserting four propositions of error:

PROPOSITION I:

MR. CONROY-PEREZ WAS DENIED DUE PROCESS AND A FAIR HEARING WHEN HIS SENTENCE WAS ACCELERATED FOR VIOLATING A CONDITION OF PROBATION THAT WAS NOT ORDERED.

PROPOSITION II:

THE TRIAL COURT ABUSED ITS DISCRETION BY ACCELERATING MR. CONROY-PEREZ'S SENTENCE BASED SOLELY ON FINANCIAL REASONS.

PROPOSITION III:

APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL TO WHICH HE WAS ENTITLED UNDER THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ART. II, §§ 7 AND 20 OF THE OKLAHOMA CONSTITUTION.

PROPOSITION IV:

UNDER THE FACTS OF THIS CASE, A SENTENCE OF TEN YEARS IS EXCESSIVE.

ANALYSIS

¶8 In Proposition I, Appellant claims he was never ordered to pay prosecution reimbursement fees to the District Attorney's Office, as alleged in the State's application to accelerate his deferred sentencing, and therefore he was denied due process by being accelerated for his failure to pay supervision fees to the District Attorney's Office. Appellant's rules and conditions of probation state that he shall "Pay $40.00 per month District Attorney's Probation Fee . . . EACH MONTH OF PROBATION." (O.R. 40-41, emphasis in original). The rules and conditions do not differentiate as to whether they are prosecution reimbursement fees or supervision fees. Even if the fees were described as supervision fees during the sentencing hearing, Appellant had clear notice that he had been ordered to pay $40.00 per month in probation fees to the District Attorney's office throughout the term of his probation.

¶9 An application to revoke probation "must allege facts with such clarity that the defense is able to determine what reason is being submitted as grounds for revocation, enabling preparation of a defense to the allegation." Lennox v. State, 1984 OK CR 22, ¶ 6, 674 P.2d 1146, 1148-49. Appellant is correct that his application to accelerate alleges he failed to pay prosecution reimbursement fees to the District Attorney's office. However, the application sufficiently alleges Appellant's failure to pay probation fees to the District Attorney's office as the reason being submitted as grounds for acceleration of his deferred sentencing and, as shown in the analysis of Proposition II, enabled Appellant to prepare a defense to the allegation. Proposition I is denied.

¶10 In Proposition II, Appellant claims his judgment and sentencing was accelerated solely because of his inability to pay fees. Appellant contends that the District Court erred when it made no findings concerning his ability to pay the fees.

¶11 When the State seeks to revoke probation based upon a failure to make payments, the State has the burden to prove by a preponderance of the evidence that the probationer has failed to make the required payments. McCaskey v. State, 1989 OK CR 63, ¶ 4, 781 P.2d 836, 837 (citing Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983)); see also Winbush v. State, 2018 OK CR 38, 433 P.3d 1275. Once the State has met this burden, the burden shifts to the probationer to show that the failure to pay was not willful, or that Appellant has made a good faith effort to make restitution. Id. If the probationer presents evidence to show non-payment was not willful, the hearing court must make a finding of fact regarding the probationer's ability to pay. Id.

¶12 In this case, the State proved that Appellant failed to make required payments of $40.00 per month on District Attorney probation fees, and was $880.00 in arrears on those payments. In defense, Appellant testified he had not been able to work throughout the term of his probation due to a work related vehicle accident. Appellant testified he could not make the required payments because he needed arm surgery and because of a pending worker's compensation settlement. The District Court accelerated Appellant's deferred judgment and sentencing stating only that Appellant violated his rules and condition of probation, and that the decision was made after review of the evidence and testimony presented.

¶13 We find the Appellant in this case presented evidence indicating that his failure to pay District Attorney probation fees was not willful, and that such evidence was sufficient to require further inquiry and findings by the District Court. McCaskey, 1989 OK CR 63at ¶ 4, 781 P.2d at 837. We find the District Court erred by revoking Appellant's probation without making findings regarding his ability to pay. Id. The District Court's acceleration of Appellant's deferred judgment and sentencing must be reversed, and the matter remanded for further proceedings, including a determination of whether Appellant showed that his failure to pay the District Attorney probation fees was not willful, and whether he had made sufficient good faith efforts to make the payments.

¶14 In Proposition III, Appellant claims his counsel was ineffective for failing to recognize and assert the error alleged in Proposition I, concerning prosecution reimbursement fees versus supervision fees. To establish a claim of ineffective assistance of counsel, Appellant must first show that his counsel's performance was deficient, and then he must show the deficient performance prejudiced the defense. Bland v. State, 2000 OK CR 11, ¶ 112, 4 P.3d 702, 730-31 (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). Because there is no error in Proposition I, Appellant hasn't shown his counsel's performance was deficient or that his defense was prejudiced. Proposition III is denied.

¶15 Appellant's Proposition IV regarding excessiveness of his sentence is moot because of the resolution of Proposition II. Moreover, the proper method of raising an excessive sentence claim after acceleration of a deferred sentence is by a motion to withdraw plea and petition for writ of certiorari. Hausle v. State, 2017 OK CR 5, ¶¶ 5-6, 394 P.3d 1278, 1280; Whitaker v. State, 2015 OK CR 1, ¶¶ 6-12, 341 P.3d 87, 89-90.

DECISION

¶16 The order of the District Court of Washita County accelerating Appellant's deferred judgment and sentencing in Case No. CF-2014-182 is REVERSED and the matter is REMANDED to the District Court for further proceedings. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2019), the MANDATE is ORDERED issued upon the filing of this decision.

AN APPEAL FROM THE DISTRICT COURT
OF WASHITA COUNTY, THE HONORABLE
CHRISTOPHER S. KELLY, ASSOCIATE DISTRICT JUDGE

 
 
 APPEARANCES IN THE DISTRICT COURT
 APPEARANCES ON APPEAL
 
 
  
  
 
 
 ROBERT S. KEITH
 NANCY WALKER-JOHNSON
 
 
 Attorney at Law
 Appellate Defense Counsel
 
 
 P. O. Box 1494
 P. O. Box 926
 
 
 Clinton, OK 73601
 Norman, OK 73070
 
 
 COUNSEL FOR APPELLANT
 COUNSEL FOR APPELLANT
 
 
  
  
 
 
 BROOKE GATLIN
 MIKE HUNTER
 
 
 Assistant District Attorney
 Attorney General of Oklahoma
 
 
 Washita County Courthouse
 DIANE L. SLAYTON
 
 
 111 East Main Street
 Assistant Attorney General
 
 
 Cordell, OK 73632
 313 N.E. 21st Street
 
 
 COUNSEL FOR THE STATE
 Oklahoma City, OK 73105
 
 
  
 COUNSEL FOR THE STATE
 
 

 

OPINION BY: LUMPKIN, J.
LEWIS, P.J.: Concur
KUEHN, V.P.J.: Dissent
HUDSON, J.: Concur
ROWLAND, J.: Concur

FOOTNOTES

[1] The State presented no evidence on the alleged probation violation of having new felony charges filed in the District Court of Washita County for Knowingly Concealing Stolen Property.

 

 

KUEHN, V.P.J., DISSENTING:

¶1 Appellant owed $880 in District Attorney Supervision fees, and the District Attorney filed an Application to Accelerate his deferred sentence. Interestingly, the State also alleged newly committed offenses as additional grounds for accelerating Appellant's sentence, but it never introduced evidence of those offenses at the hearing.[1] As I have warned before: "To revoke an Appellant at a revocation proceeding by presenting only evidence of failure to pay without any evidence of willfulness, instead of presenting evidence in support of the more serious violation of committing new crimes, is a dangerous and inappropriate procedure to adopt." Winbush v. State, 2018 OK CR 38, 433 P.3d 1275 (Kuehn, J., dissenting, at ¶ 4). Accelerating Appellant's probation in full, due solely to unfulfilled financial obligations, was an abuse of discretion under these facts and the law. I dissent.

¶2 I continue to hold that the trial judge must inquire into a probationer's ability to pay before imprisoning him or her solely for non-payment of fines, costs or assessments. Winbush, (Kuehn, J., dissenting) (citing Bearden v. Georgia, 461 U.S. 660, 103 S. Ct. 2064, 76 L.Ed.2d 221 (1983).[2] But even if an acceptable judicial inquiry had been made into Appellant's ability to pay or alternatives to incarceration, the judge also erred in not making a detailed finding, on the record, that his inability to pay was willful. Nevertheless, Appellant did what Winbush requires him to do: present evidence that his failure to pay was not willful. He presented evidence that he was on worker's disability, was not working, and needed arm surgery that he could not afford. The Majority acknowledges that the Appellant presented evidence on the issue, but only sees this as sufficient to warrant "further inquiry" by the court before making a formal finding on the issue.

¶3 Further inquiry is unnecessary. After the guidance provided in Winbush, the trial court has nothing more to ask. Both parties presented their evidence, and the judge made his decision. Although the judge should have made a finding of willfulness on the record, it is obvious from his decision to accelerate that he found Appellant's evidence unpersuasive; and again, there were no alleged probation violations to consider except failure to pay fees. Remand for further proceedings is simply inviting the trial court to make a finding that would not be supported by the record. All paths led to Rome, and our appellate review turns on whether an abuse of discretion occurred.

¶4 The State presented evidence of non-payment. Appellant presented evidence that he did not have the money to pay, and that the money he did have was disability proceeds. It is illegal for the State to collect money from a defendant to pay fines and fees from his government assistance for disability.[3] What more could Appellant do to establish that his failure to pay was not willful? Does the Majority hope the State will somehow disprove the defense testimony by allowing the record to be re-opened? We already know the judge is not to inquire. Appellant received 90 days in jail and felony conviction, and went from two years of probation to ten years, all without one graduated sanction or any alternatives to payment.

¶5 An "abuse of discretion" is a clearly erroneous conclusion and judgment, one clearly against the logic and effect of the facts presented. Neloms v. State, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170. I believe the trial court abused its discretion here, and would vacate the trial court's order to accelerate the deferred sentence.

FOOTNOTES

[1] The State abandoned the more serious probation violations by asking the court to dismiss those new non-violent felony charges on November 30, 2016.

[2] See also Spann v. State, Case No. RE-2017-706, (unpub. Nov. 8, 2018) (Kuehn, J., concurring in result); Bailey v. State, Case No. RE-2016-875, (unpub. May 3, 2018) (Kuehn, J., concurring in result); Cotton v. State, Case No. RE-2016-193, (unpub. Jan. 18, 2018) (Kuehn, J., concurring in part/dissenting in part); Black v. State, Case No. RE-2018-134, (unpub. Nov. 29, 2018) (Kuehn, J., concurring in result); Sherman v. State, Case No. RE-2016-642, (unpub. July 12, 2018) (Kuehn, J., dissenting).

[3] Under the Social Security Act, 42 U.S.C. § 407(a), "none of the moneys paid" as part of a Social Security benefit "shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." In Philpott v. Essex County Welfare Board, 409 U.S. 413, 415-17, 93 S.Ct. 590, 592-93, 34 L.Ed.2d 608 (1973), the United States Supreme Court held that Social Security funds were protected from claims by state governments. Oklahoma has not made a specific ruling regarding the protection of Social Security funds from payment of criminal fines, fees and costs. However, based on this Supreme Court ruling, many other courts have held that states cannot order individuals to pay legal financial obligations, such as fines, fees and costs, from Social Security benefits. See In re Lampart, 856 N.W.2d 192 (Mich.App. 2014); State v. Eaton, 99 P.3d 661 (Mont. 2004). These courts have ruled that legal financial obligations, such as criminal fines, fees and costs, count as "other legal process" under 42 U.S.C. § 407(a). Additionally, in Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler, 537 U.S. 371, 385, 123 S.Ct. 1017, 1025, 154 L.Ed.2d 972 (2003), the Supreme Court explained that "other legal process" is a process where "some judicial or quasi-judicial mechanism, though not necessarily an elaborate one, by which control over property passes from one person to another in order to discharge or secure discharge of an allegedly existing or anticipated liability."

Most recently, the Washington Supreme Court found that all legal financial obligations, not just restitution, are subject to § 407(a) when the defendant's only assets and income are from social security disability. City of Richland v. Wakefield, 380 P.3d 459 (Wash. 2016). In Wakefield, the defendant's only income was SSDI benefits and food stamp assistance, yet the trial court ordered installment payments. In reversing the trial court's decision, the court held that "federal law prohibits courts from ordering defendants to pay [legal financial obligations] if the person's only source of income is social security disability." Id. ¶ 29 at 466. Like Eaton and Lampart, the Wakefield court found that ordering fine payments from an individual whose sole income is SSDI violates § 407(a) because the order is a judicial mechanism by which the defendant's Social Security income is transferred to another in payment of a liability. Id. 465-66. Accordingly, the court concluded that the state was prohibited from ordering payment against the defendant. Id.

 

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1989 OK CR 63, 781 P.2d 836, McCASKEY v. STATE
Discussed at Length
 2012 OK CR 7, 274 P.3d 161, NELOMS v. STATE
Discussed
 2015 OK CR 1, 341 P.3d 87, WHITAKER v. STATE
Discussed
 2017 OK CR 5, 394 P.3d 1278, HAUSLE v. STATE
Discussed
 2018 OK CR 38, 433 P.3d 1275, WINBUSH v. STATE
Discussed at Length
 2000 OK CR 11, 4 P.3d 702, 71 OBJ 1304, Bland v. State
Discussed
 1984 OK CR 22, 674 P.2d 1146, LENNOX v. STATE
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA