LUMPKIN, JUDGE:
 

 ¶ 1 Appellant, Jonas Jorge Conroy-Perez, appeals from the acceleration of his deferred judgment and sentencing in Case No. CF-2014-182 in the District Court of Washita County, by the Honorable Christopher S. Kelly, Associate District Judge. On August 20, 2015, Appellant entered a negotiated plea of guilty to Harboring a Fugitive From Justice, and judgment and sentencing was deferred for two years until August 17, 2017, pursuant to rules and conditions of probation.
 

 ¶ 2 On February 11, 2016, the State filed an application to accelerate Appellant's deferred sentencing alleging he violated probation by (1) having new felony charges filed for Knowingly Concealing Stolen Property in the District Court of Washita County; and (2) by failing, refusing and neglecting to pay his "Prosecution Reimbursement fees to the District Attorney's Office." On May 30, 2017, the hearing on the application to accelerate was held before Judge Kelly.
 

 ¶ 3 At the hearing, the State presented the testimony of Brittani Brice ("Brice"), a victim/witness coordinator for the Washita County District Attorney's Office. Brice testified
 that in August of 2015 Appellant had been ordered to pay $960.00 in District Attorney supervision fees; Appellant made a payment of $80.00 on January 15, 2016, as his only payment; and thus his current balance was $880.00. On cross-examination, Brice testified that she had not checked on and was not testifying about Appellant's financial condition, only that he owes $880.00. After Brice's testimony, the State rested.
 
 [1]
 

 ¶ 4 Appellant testified in his own defense. Appellant said he had not worked since June 11, 2015, when he was in a vehicle wreck while working for a television and appliance company. Appellant testified he was on worker's compensation and could not work because he needed arm surgery and because of a pending worker's compensation settlement. On cross-examination, Appellant acknowledged his accident occurred about one and one-half months before he entered his plea in this case and he knew about his medical issues and his worker's compensation issues when he entered the plea agreement. After his testimony, Appellant rested.
 

 ¶ 5 In closing, the State argued that, while it was understandable Appellant wasn't working because of his pending surgery and pending worker's compensation settlement, he still had the responsibility to make required payments. The State also noted Appellant agreed to make the payments after his accident. The State asked that Appellant be convicted and sentenced to a term of five years, with all but the first ninety days suspended. Counsel for Appellant argued the evidence showed he is willing and wants to work but can't because of his physical disability caused by the accident.
 

 ¶ 6 After hearing the arguments, Judge Kelly stated that, having reviewed the evidence and testimony, Appellant had violated his rules and conditions of probation and his deferred judgment would be accelerated to a term of ten years with DOC, with all time suspended except for the first ninety days.
 

 ¶ 7 Appellant filed this appeal asserting four propositions of error:
 

 PROPOSITION I:
 

 MR. CONROY-PEREZ WAS DENIED DUE PROCESS AND A FAIR HEARING WHEN HIS SENTENCE WAS ACCELERATED FOR VIOLATING A CONDITION OF PROBATION THAT WAS NOT ORDERED.
 

 PROPOSITION II:
 

 THE TRIAL COURT ABUSED ITS DISCRETION BY ACCELERATING MR. CONROY-PEREZ'S SENTENCE BASED SOLELY ON FINANCIAL REASONS.
 

 PROPOSITION III:
 

 APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL TO WHICH HE WAS ENTITLED UNDER THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND
 

 ART. II,
 
 §§
 
 7
 

 AND 20 OF THE OKLAHOMA CONSTITUTION.
 

 PROPOSITION IV:
 

 UNDER THE FACTS OF THIS CASE, A SENTENCE OF TEN YEARS IS EXCESSIVE.
 

 ANALYSIS
 

 ¶ 8 In Proposition I, Appellant claims he was never ordered to pay prosecution reimbursement fees to the District Attorney's Office, as alleged in the State's application to accelerate his deferred sentencing, and therefore he was denied due process by being accelerated for his failure to pay supervision fees to the District Attorney's Office. Appellant's rules and conditions of probation state that he shall "Pay $40.00 per month
 
 District Attorney's Probation Fee ... EACH MONTH OF PROBATION
 
 ." (O.R. 40-41, emphasis in original). The rules and conditions do not differentiate as to whether they are prosecution reimbursement fees or supervision fees. Even if the fees were described as supervision fees during the sentencing hearing, Appellant had clear notice that he had been ordered to pay $40.00 per month in probation fees to the District Attorney's office throughout the term of his probation.
 

 ¶ 9 An application to revoke probation "must allege facts with such clarity that the defense is able to determine what reason is being submitted as grounds for revocation, enabling preparation of a defense to the allegation."
 
 Lennox v. State
 
 ,
 
 1984 OK CR 22
 
 , ¶ 6,
 
 674 P.2d 1146
 
 , 1148-49. Appellant is correct that his application to accelerate alleges he failed to pay prosecution reimbursement fees to the District Attorney's office. However, the application sufficiently alleges Appellant's failure to pay probation fees to the District Attorney's office as the reason being submitted as grounds for acceleration of his deferred sentencing and, as shown in the analysis of Proposition II, enabled Appellant to prepare a defense to the allegation. Proposition I is denied.
 

 ¶ 10 In Proposition II, Appellant claims his judgment and sentencing was accelerated solely because of his inability to pay fees. Appellant contends that the District Court erred when it made no findings concerning his ability to pay the fees.
 

 ¶ 11 When the State seeks to revoke probation based upon a failure to make payments, the State has the burden to prove by a preponderance of the evidence that the probationer has failed to make the required payments.
 
 McCaskey v. State
 
 ,
 
 1989 OK CR 63
 
 , ¶ 4,
 
 781 P.2d 836
 
 , 837 (citing
 
 Bearden v. Georgia
 
 ,
 
 461 U.S. 660
 
 ,
 
 103 S.Ct. 2064
 
 ,
 
 76 L.Ed.2d 221
 
 (1983) );
 
 see also
 

 Winbush v. State
 
 ,
 
 2018 OK CR 38
 
 ,
 
 433 P.3d 1275
 
 . Once the State has met this burden, the burden shifts to the probationer to show that the failure to pay was not willful, or that Appellant has made a good faith effort to make restitution.
 
 Id
 
 . If the probationer presents evidence to show non-payment was not willful, the hearing court must make a finding of fact regarding the probationer's ability to pay.
 
 Id
 
 .
 

 ¶ 12 In this case, the State proved that Appellant failed to make required payments of $40.00 per month on District Attorney probation fees, and was $880.00 in arrears on those payments. In defense, Appellant testified he had not been able to work throughout the term of his probation due to a work related vehicle accident. Appellant testified he could not make the required payments because he needed arm surgery and because of a pending worker's compensation settlement. The District Court accelerated Appellant's deferred judgment and sentencing stating only that Appellant violated his rules and condition of probation, and that the decision was made after review of the evidence and testimony presented.
 

 ¶ 13 We find the Appellant in this case presented evidence indicating that his failure to pay District Attorney probation fees was not willful, and that such evidence was sufficient to require further inquiry and findings by the District Court.
 
 McCaskey
 
 ,
 
 1989 OK CR 63
 
 at ¶ 4,
 
 781 P.2d at 837
 
 . We find the District Court erred by revoking Appellant's probation without making findings regarding his ability to pay.
 
 Id
 
 . The District Court's acceleration of Appellant's deferred judgment and sentencing must be reversed, and the matter remanded for further proceedings, including a determination of whether Appellant showed that his failure to pay the District Attorney probation fees was not willful, and whether he had made sufficient good faith efforts to make the payments.
 

 ¶ 14 In Proposition III, Appellant claims his counsel was ineffective for failing to recognize and assert the error alleged in Proposition I, concerning prosecution reimbursement fees versus supervision fees. To establish a claim of ineffective assistance of counsel, Appellant must first show that his counsel's performance was deficient, and then he must show the deficient performance prejudiced the defense.
 
 Bland v. State
 
 ,
 
 2000 OK CR 11
 
 , ¶ 112,
 
 4 P.3d 702
 
 , 730-31 (citing
 
 Strickland v. Washington,
 

 466 U.S. 668
 
 , 687,
 
 104 S.Ct. 2052
 
 , 2064,
 
 80 L.Ed.2d 674
 
 (1984) ). Because there is no error in Proposition I, Appellant hasn't shown his counsel's performance was deficient or that his defense was prejudiced. Proposition III is denied.
 

 ¶ 15 Appellant's Proposition IV regarding excessiveness of his sentence is moot because of the resolution of Proposition II. Moreover, the proper method of raising an excessive sentence claim after acceleration of a deferred sentence is by a motion to withdraw plea and petition for writ of certiorari.
 

 Hausle v. State
 
 ,
 
 2017 OK CR 5
 
 , ¶¶ 5-6,
 
 394 P.3d 1278
 
 , 1280 ;
 
 Whitaker v. State
 
 ,
 
 2015 OK CR 1
 
 , ¶¶ 6-12,
 
 341 P.3d 87
 
 , 89-90.
 

 DECISION
 

 ¶ 16 The order of the District Court of Washita County accelerating Appellant's deferred judgment and sentencing in Case No. CF-2014-182 is
 
 REVERSED
 
 and the matter is
 
 REMANDED
 
 to the District Court for further proceedings. Pursuant to Rule 3.15,
 
 Rules of the Oklahoma Court of Criminal Appeals
 
 , Title 22, Ch.18, App. (2019), the
 
 MANDATE
 
 is
 
 ORDERED
 
 issued upon the filing of this decision.
 

 LEWIS, P.J.: Concur
 

 KUEHN, V.P.J.: Dissent
 

 HUDSON, J.: Concur
 

 ROWLAND, J.: Concur
 

 The State presented no evidence on the alleged probation violation of having new felony charges filed in the District Court of Washita County for Knowingly Concealing Stolen Property.