KUEHN, V.P.J., DISSENTING:
 

 ¶ 1 Appellant owed $880 in District Attorney Supervision fees, and the District Attorney filed an Application to Accelerate his deferred sentence. Interestingly, the State also alleged newly committed offenses as additional grounds for accelerating Appellant's sentence, but it never introduced evidence of those offenses at the hearing.
 
 [1]
 
 As I have warned before: "To revoke an Appellant at a revocation proceeding by presenting only evidence of failure to pay without any evidence of willfulness, instead of presenting evidence in support of the more serious violation of committing new crimes, is a dangerous and inappropriate procedure to adopt."
 
 Winbush v. State
 
 ,
 
 2018 OK CR 38
 
 ,
 
 433 P.3d 1275
 
 (Kuehn, J., dissenting, at ¶ 4). Accelerating Appellant's probation in full, due solely to unfulfilled financial obligations, was an abuse of discretion under these facts and the law. I dissent.
 

 ¶ 2 I continue to hold that the trial judge must inquire into a probationer's ability to pay before imprisoning him or her solely for non-payment of fines, costs or assessments.
 
 Winbush
 
 , (Kuehn, J., dissenting) (citing
 
 Bearden v. Georgia
 
 ,
 
 461 U.S. 660
 
 ,
 
 103 S.Ct. 2064
 
 ,
 
 76 L.Ed.2d 221
 
 (1983) ).
 
 [2]
 
 But even if an acceptable judicial inquiry had been made into Appellant's ability to pay or alternatives to incarceration, the judge also erred in not making a detailed finding, on the record, that his inability to pay was willful. Nevertheless, Appellant did what
 
 Winbush
 
 requires him to do: present evidence that his failure to pay was not willful. He presented evidence that he was on worker's disability, was not working, and needed arm surgery that he could not afford. The Majority acknowledges that the Appellant presented evidence on the issue, but only sees this as sufficient to warrant "
 
 further inquiry
 
 " by the court before making a formal finding on the issue.
 

 ¶ 3 Further inquiry is unnecessary. After the guidance provided in
 
 Winbush
 
 , the trial court has nothing more to ask. Both parties presented their evidence, and the judge made his decision. Although the judge should have made a finding of willfulness on the record, it is obvious from his decision to accelerate that he found Appellant's evidence unpersuasive; and again, there were no alleged probation violations to consider except failure to pay fees. Remand for further proceedings is simply inviting the trial court to make a finding that would not be supported by the record. All paths led to Rome, and our appellate review turns on whether an abuse of discretion occurred.
 

 ¶ 4 The State presented evidence of non-payment. Appellant presented evidence that he did not have the money to pay, and that the money he did have was disability proceeds. It is illegal for the State to collect money from a defendant to pay fines and
 fees from his government assistance for disability.
 
 [3]
 
 What more could Appellant do to establish that his failure to pay was not willful? Does the Majority hope the State will somehow disprove the defense testimony by allowing the record to be re-opened? We already know the judge is not to inquire. Appellant received 90 days in jail and felony conviction, and went from two years of probation to ten years, all without one graduated sanction or any alternatives to payment.
 

 ¶ 5 An "abuse of discretion" is a clearly erroneous conclusion and judgment, one clearly against the logic and effect of the facts presented.
 
 Neloms v. State
 
 ,
 
 2012 OK CR 7
 
 , ¶ 35,
 
 274 P.3d 161
 
 , 170. I believe the trial court abused its discretion here, and would vacate the trial court's order to accelerate the deferred sentence.
 

 The State abandoned the more serious probation violations by asking the court to dismiss those new non-violent felony charges on November 30, 2016.
 

 See also
 

 Spann v. State,
 
 Case No. RE-2017-706, (unpub. Nov. 8, 2018) (Kuehn, J., concurring in result);
 
 Bailey v. State
 
 , Case No. RE-2016-875, (unpub. May 3, 2018) (Kuehn, J., concurring in result);
 
 Cotton v. State
 
 , Case No. RE-2016-193, (unpub. Jan. 18, 2018) (Kuehn, J., concurring in part/dissenting in part);
 
 Black v. State
 
 , Case No. RE-2018-134, (unpub. Nov. 29, 2018) (Kuehn, J., concurring in result);
 
 Sherman v. State
 
 , Case No. RE-2016-642, (unpub. July 12, 2018) (Kuehn, J., dissenting).
 

 Under the Social Security Act,
 
 42 U.S.C. § 407
 
 (a), "none of the moneys paid" as part of a Social Security benefit "shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." In
 
 Philpott v. Essex County Welfare Board,
 

 409 U.S. 413
 
 , 415-17,
 
 93 S.Ct. 590
 
 , 592-93,
 
 34 L.Ed.2d 608
 
 (1973), the United States Supreme Court held that Social Security funds were protected from claims by state governments. Oklahoma has not made a specific ruling regarding the protection of Social Security funds from payment of criminal fines, fees and costs. However, based on this Supreme Court ruling, many other courts have held that states cannot order individuals to pay legal financial obligations, such as fines, fees and costs, from Social Security benefits.
 
 See
 

 In re Lampart
 
 ,
 
 306 Mich.App. 226
 
 ,
 
 856 N.W.2d 192
 
 (2014) ;
 
 State v. Eaton
 
 ,
 
 323 Mont. 287
 
 ,
 
 99 P.3d 661
 
 (2004). These courts have ruled that legal financial obligations, such as criminal fines, fees and costs, count as "other legal process" under
 
 42 U.S.C. § 407
 
 (a). Additionally, in
 
 Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler,
 

 537 U.S. 371
 
 , 385,
 
 123 S.Ct. 1017
 
 , 1025,
 
 154 L.Ed.2d 972
 
 (2003), the Supreme Court explained that "other legal process" is a process where "some judicial or quasi-judicial mechanism, though not necessarily an elaborate one, by which control over property passes from one person to another in order to discharge or secure discharge of an allegedly existing or anticipated liability."
 

 Most recently, the Washington Supreme Court found that all legal financial obligations, not just restitution, are subject to § 407(a) when the defendant's only assets and income are from social security disability.
 
 City of Richland v. Wakefield
 
 ,
 
 186 Wash.2d 596
 
 ,
 
 380 P.3d 459
 
 (2016). In
 
 Wakefield
 
 , the defendant's only income was SSDI benefits and food stamp assistance, yet the trial court ordered installment payments. In reversing the trial court's decision, the court held that "federal law prohibits courts from ordering defendants to pay [legal financial obligations] if the person's only source of income is social security disability."
 

 Id.
 

 ¶ 29 at 466. Like
 
 Eaton
 
 and
 
 Lampart
 
 , the
 
 Wakefield
 
 court found that ordering fine payments from an individual whose sole income is SSDI violates § 407(a) because the order is a judicial mechanism by which the defendant's Social Security income is transferred to another in payment of a liability.
 

 Id.
 

 465-66
 
 . Accordingly, the court concluded that the state was prohibited from ordering payment against the defendant.
 

 Id.